**Patsy Ann BELTIA, Wife of Hillyard Sonnier, Plaintiff-Appellant,**

v.

**SIDNEY TORRES MARINE TRANSPORT, INC., Defendant-Appellee.**

No. 81–3623.

United States Court of Appeals,
Fifth Circuit.

March 28, 1983.

Abadie, Cooper & Harang, Charles B. Colvin, John J. Cooper, New Orleans, La., for plaintiff-appellant.

Phelps, Dunbar, Marks, Claverie & Sims, Clayton G. Ramsey, Bettye A. Barrios, New Orleans, La., for defendant-appellee.

Before WISDOM, RANDALL and TATE, Circuit Judges:

WISDOM, Circuit Judge:

Patsy Ann Beltia ("Mrs. Sonnier") has brought suit against Sidney Torres Marine ("Torres") for a loss of society claim. Mrs. Sonnier asks this Court to recognize an action for loss of society based on negligence under the Jones Act or the general maritime law and to find that her loss of society claim based on unseaworthiness was not barred by collateral estoppel. We decline to do either.

I.

On March 25, 1977, Hillyard Sonnier was injured severely aboard the M/V Uncle Sam while in the employ of Torres. Mr. Sonnier brought suit against Torres under the Jones Act for negligence and under the general maritime law for unseaworthiness. At trial, the jury rendered a verdict in Mr. Sonnier's favor on the negligence count, but it found the vessel was seaworthy.

Mrs. Sonnier filed suit against Torres on March 27, 1981 to recover damages for the loss of her husband's society that resulted from his injury.[1] Torres brought a motion for summary judgment contending that Mrs. Sonnier could not recover for loss of society in an action based on negligence and that collateral estoppel bars her cause of action under the general maritime law doctrine of unseaworthiness. The district

---

1. Two recent court decisions prompted Mrs. Sonnier's lawsuit. In *American Export Lines, Inc. v. Alvez,* 1980, 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284, the Supreme Court held that general maritime law allows the wife of a harbor worker injured nonfatally aboard a vessel in state territorial waters to maintain an action for loss of her husband's society. In *Cruz v. Hendy International Co.,* 5 Cir.1981, 638 F.2d 719, this Court extended *Alvez* and held that the spouse of a seaman whose nonfatal injuries were attributable to the unseaworthiness of a vessel has a general maritime cause of action for loss of his society.

court granted the motion, holding that Mrs. Sonnier has no independent cause of action for loss of society based on negligence under either the general maritime law or the Jones Act, 46 U.S.C. § 688, and that the prior judgment against her husband on his unseaworthiness claim collaterally estopped her from asserting a claim for loss of society based on unseaworthiness. On appeal, Mrs. Sonnier contends that the district court's holdings were erroneous.

## II.

The recognition of a loss of society claim is a recent development in maritime law.[2] In *Sea-Land Services, Inc. v. Gaudet,* 1974, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9, the Court held that the maritime wrongful-death remedy created by *Moragne v. States Marine Lines,* 1970, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339, allowed a decedent's widow to recover damages for loss of society. The Court relied on *Gaudet* in *American Export Lines, Inc. v. Alvez,* 1980, 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284, and held that general maritime law affords the wife of a harbor worker injured nonfatally aboard a vessel in state territorial waters to maintain an action for damages for the loss of her husband's society. This Court extended the holding of *Alvez* to seamen in *Cruz v. Hendy International Co.,* 5 Cir.1981, 638 F.2d 719, holding that "the spouse of a seamen whose non-fatal injuries are attributable to the unseaworthiness of a vessel has a general maritime cause of action for

loss of his society." *Cruz,* 638 F.2d at 721.[3] *Cruz* partially overruled *Christofferson v. Halliburton Co.,* 5 Cir.1976, 534 F.2d 1147, which held that the wife of an injured seaman had no cause of action under either the Jones Act based on negligence or the general maritime law based on unseaworthiness for loss of her husband's society.

## III.

Mrs. Sonnier contends that this Court should extend this line of cases and hold that the spouse of an injured seaman may allege negligence under either the Jones Act or general maritime law as a basis for her loss of society claim. We reject Mrs. Sonnier's contention that loss of society claims based on negligence under the Jones Act should be allowed. The *Cruz* Court did not overrule the holding in *Christofferson* that the wife of an injured seaman had no cause of action for loss of society under the Jones Act.[4] The *Cruz* Court stated:

The same damages [loss of society] are not recoverable in a claim for damages under the Jones Act. That statute itself creates an integrated remedial pattern. It establishes an action at law, not a maritime action. It does not allow damages for loss of spousal society. *Ivy v. Security Barge Lines,* 606 F.2d 524 (5th Cir.1979) (en banc), *cert. denied,* 446 U.S. 956, 100 S.Ct. 2927–28, 64 L.Ed.2d 815 (1980).

---

2. In *Alvez,* the Supreme Court defined "society" as a "broad range of mutual benefits each family member receives from the others' continued existence, including love, affection, care, attention, companionship, comfort, and protection." *Alvez,* 446 U.S. at 275 n. 1, 100 S.Ct. at 1674 n. 1, 64 L.Ed.2d at 287 n. 1.

3. The *Cruz* Court found no reason to distinguish between the types of workers whose rights stem from the "same integral jurisprudence"—the general maritime law. *Cruz,* 638 F.2d at 724. The Court concluded that

> the general maritime law, a single and unitary body of jurisprudence, extends the same rights to all entitled to recover under it whether the injury occurs in territorial waters or on the high seas and that, accordingly, the spouse of a person entitled to recover for vessel unseaworthiness has a cause

of action for loss of society whether the injured person was a member of a vessel crew or was for some other reason entitled to a seaworthy vessel.

*Cruz,* 638 F.2d at 725.

4. The *Christofferson* Court held that loss of society claims were unavailable under the Jones Act for two reasons. First, 46 U.S.C. § 688 specifically provides that an injured seaman, and not his wife, may maintain an action for damages at law. Second, courts have held that the wife of an injured employee has no claim for loss of consortium under the Federal Employers Liability Act, 45 U.S.C. § 51, the statutory scheme made applicable to seamen under the Jones Act. *Christofferson,* 534 F.2d at 1149.

*Cruz,* 638 F.2d at 725. Mrs. Sonnier has no basis to assert that this limitation on liability is no longer in accord with the present trends in maritime law when this Court recently rejected this argument in *Cruz.*

Mrs. Sonnier's next contention is that the wife of a Jones Act seaman is entitled to a loss of society claim based on negligence under the general maritime law. Mrs. Sonnier argues that she is a general maritime law claimant because her loss of society action is independent of the claim of her spouse. As a general maritime claimant, Mrs. Sonnier argues that cases prohibiting loss of consortium under the Jones Act are inapplicable to her because they did not deal with negligence under the general maritime law. She also argues that allowing recovery for loss of society based on negligence under the general maritime law comports with the policy favoring compensation expressed in the line of cases from *Gaudet* to *Cruz* and would eliminate the anomaly that the spouses of those who are not crewmembers, under the general maritime law, may have greater rights than do the spouses of the crew under the Jones Act.[5]

Although Mrs. Sonnier argues persuasively, we reject her contention that she may bring her loss of society claim based on negligence under the general maritime law. Mrs. Sonnier's request that we recognize a general maritime law action for negligence is contrary to *The Osceola,* 1903, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760, an old but still respected decision. In *The Osceola,* the Court held that no cause of action on behalf of a seaman for the negligence of his master or fellow crewman is available under the general maritime law. *See Christofferson,* 534 F.2d at 1148–49; *Ivy v. Security*

*Barge Lines, Inc.,* 5 Cir.1979, 606 F.2d 524, 525 (en banc), *cert. denied,* 1980, 446 U.S. 956, 100 S.Ct. 2927, 64 L.Ed.2d 815. Because the injured seaman has no cause of action under the general maritime law, "his wife could not and did not have a derivative claim for loss of consortium based on negligence." *Christofferson,* 534 F.2d at 1148–49. It would be anomalous to conclude that a spouse of an injured seaman could bring an action for negligence under the general maritime law when her husband, the injured seaman, could not do so.

Mrs. Sonnier's argument also ignores the history behind the Jones Act. Congress enacted the Jones Act in 1915 in response to *The Osceola* decision and provided seamen only the remedies available to railroad workers under the provisions of the FELA. The Jones Act was intended to fill the void in the general maritime law of negligence, and it became "the sole basis upon which a seaman or his beneficiaries may sue his employer for negligence." *Ivy,* 606 F.2d at 525.

■ As the wife of a Jones Act seaman, Mrs. Sonnier must look to the Jones Act to vindicate her rights based on negligence because, as the history behind the enactment of the Jones Act shows, she had no such rights elsewhere. This Court has consistently held that the Jones Act does not allow recovery for loss of society claims. If this Court were to recognize Mrs. Sonnier's claim under the general maritime law, it would be inconsistent with the policy of the Jones Act to deny recovery for loss of society claims based on negligence. Mrs. Sonnier's concerns should be addressed to Congress to modify the Jones Act rather than to this Court.[6] We hold that the wife of a

---

5. For example, Mrs. Alvez was able to assert both negligence and unseaworthiness as grounds for recovering the loss of society claim because her husband was injured while working as a harbor worker. Mrs. Sonnier contends that this result is contrary to the language in *Cruz* that the general maritime law "extends the same rights to all entitled to recover under it." *Cruz,* 638 F.2d at 725. *Cruz,* however, states only that the general maritime law extends the same rights to all once they show

they are entitled to recover. The issue before the Court is whether Mrs. Sonnier has a basis upon which she is entitled to recover at all.

6. The *Cruz* Court recognized that the Jones Act "creates an integrated remedial pattern." *Cruz,* 638 F.2d at 725. The Court was cognizant that the lack of a loss of society based on negligence under the Jones Act created the "seeming anomaly" that the spouses of those not crewmembers may have greater rights under the general maritime law than the spouses

Jones Act seaman cannot base her loss of society claims on negligence under the general maritime law.

## IV.

■ Mrs. Sonnier also challenges the district court's holding that her loss of society action based on unseaworthiness was collaterally estopped by the judgment against her husband on this issue. We do not reach this issue because of our holding in *Shirley v. Penrod Drilling, Co.*, 701 F.2d 441, that the *Alvez* and *Cruz* decisions recognizing a loss of society claim based on unseaworthiness under the general maritime law are not to be given general retroactive application. We hold that Mrs. Sonnier cannot bring her cause of action for loss of society based on unseaworthiness because she instituted her suit after the *Alvez* decision for an injury that occurred prior to the time of the *Alvez* decision.

We AFFIRM the district court's grant of summary judgment to Torres dismissing Mrs. Sonnier's suit.

of Jones Act seamen. Nonetheless, the Court concluded: "The limitations we acknowledge [on the loss of society cause of action] are only those established, expressly or inferentially, by Congress in creating the action at law for negligence."