**DIODATO, Plaintiff,**

v.

**TURECAMO COASTAL & HARBOR TOWING INC. & County of Westchester & Empresa Lineas Maritima Argentinas, Defendants.**

**No. 82 Civ. 6997 (RWS).**

United States District Court, S.D. New York.

Jan. 11, 1984.

Phillips & Cappiello, New York City, for plaintiff; Edward M. Katz, New York City, of counsel.

McHugh, Leonard & O'Conor, New York City, for defendants Turecamo and County of Westchester; James M. Hazen, New York City, of counsel.

Semel, McLaughlin, Boeckmann & Skydel, New York City, for defendant County of Westchester.

Kirlin, Campbell & Keating, New York City, for defendant EMPRESA; Joseph F. Ryan, Jr., New York City, of counsel.

OPINION

SWEET, District Judge.

Defendant Turecamo Coastal & Harbor Towing, Inc. ("Turecamo") has moved pursuant to Fed.R.Civ.P. 39(a)(2) to strike

plaintiff Jack Diodato's ("Diodato") demand for a jury trial in this seaman's action for personal injury. For the reasons given below, the motion is denied.

Diodato has brought suit against Turecamo, as well as the County of Westchester ("Westchester") and Empresa Lineas Maritime Argentinas, S.A., ("Empresa") a corporation wholly owned by the Argentinian government. Diodato was captain on the Westco No. 1 barge owned by Westchester and chartered to Turecamo, when the vessel MV Rio Deseado, owned by Empresa, cut across the towline linking the barge and the tug James Turecamo, owned by defendant Turecamo. Diodato alleges that he sustained injuries as a result of the accident. Empresa and Turecamo have agreed that each was 50% responsible for the collision. The parties agree that the only issues remaining for trial are proximate causation, damages and contributory negligence.

Diodato alleges jurisdiction for his action against Turecamo under 46 U.S.C. § 688, and has demanded a jury trial pursuant to Fed.R.Civ.P. 38(b). Diodato alleges jurisdiction for his claim against Empresa under 28 U.S.C. § 1330(a), which grants district courts jurisdiction over actions against foreign states. By order dated February 18, 1983, this court granted Empresa's motion to strike Diodato's jury demand in the action against it. "§ 1330(a) ... by its clear terms provides only for a non-jury civil action against foreign states" and their state-owned corporations. *Ruggiero v. Compania Peruana de Vapores*, 639 F.2d 872, 875 (2d Cir.1981). As a result, in the situation now confronting the court, Empresa has a right to a bench trial, and Diodato has a right to a jury trial in his action against Turecamo. In this motion, Turecamo seeks to secure a nonjury trial in the action against it.

Turecamo claims that Empresa's right to a bench trial "should not be diluted by a jury trial if [sic] the same exact issues against Turecamo." In support of its argument, Turecamo cites *Complaint of Great Lakes Towing Company*, 395 F.Supp. 810 (N.D.Ohio 1974). In response, Diodato argues that there is no authority for the proposition that Empresa's right to a bench trial should lead to a denial of Diodato's right to a jury trial. Diodato suggests that, as a way of avoiding a conflict between these two rights, the court try the issues regarding Turecamo with a jury and those regarding Empresa with an advisory jury.

*Great Lakes Towing* does not directly address the problem we confront here. That case was a limitation of liability proceeding involving a ship accident. The action was governed by two statutes: the limitation of liability statute, which had been held to entitle plaintiff to a bench trial, and the Great Lakes Statute, which provided for a jury trial on either party's demand in an admiralty action arising on the Great Lakes. Confronted with a plaintiff who wanted a bench trial and a defendant who wanted a jury trial, the court held that the limitation of liability statute controlled because it was "deeply founded in admiralty and equity" and had been passed by Congress after the Great Lakes Statute.

Here, we do not confront the *Great Lakes Towing* problem of a conflict between two statutes granting the parties directly contradictory rights. Our case is different because we have two defendants, as to one of whom there is a statutory guarantee of a jury trial and as to the other of whom a bench trial is statutorily guaranteed. Apparently, no published opinion has considered this problem in the context of § 1330(a), which was passed recently.

However, the problem has been extensively discussed in the context of tort actions against the United States government and another defendant. The Federal Tort Claims Act limits tort actions against the United States government in federal court to nonjury trials. But the plaintiff in these cases often demands a jury trial of his pendent state law claim against the co-defendant. In this situation, although there are practical problems with a jury trial as to one defendant and a bench trial as to the other, the accepted view is that these problems are not insurmountable. *See United States v. Yellow Cab Co.*, 340 U.S. 543, 555–

56, 71 S.Ct. 399, 407, 95 L.Ed. 523 (1951); *Maltais v. United States,* 439 F.Supp. 540, 550 (N.D.N.Y.1977); *Pearce v. United States,* 450 F.Supp. 613, 621 (D.Kan.1978); *Simon v. Lovgren,* 368 F.Supp. 265, 270 (D.V.I.1973); 5 *Moore's Federal Practice* § 38.32[2] at 38–244. *But compare Yellow Cab, supra,* 340 U.S. at 555, 71 S.Ct. at 407 ("Such difficulties are not insurmountable") *with Benbow v. Wolf,* 217 F.2d 203, 204 (9th Cir.1954) (this "proposition is here reduced to surd.")

These cases under the Federal Torts Claims Act considered a virtually identical situation to that presented here. The *Yellow Cab* solution does indeed present difficulties—for example, reconciling the contradictory judgments resulting from a disagreement between judge and jury on causation or the amount of damages. However,

> such difficulties would be no more serious than those which might arise in separate actions against the Government and its joint tortfeasor. Indeed, joinder would reduce the likelihood of conflicting decisions: both results can at least be based on the same evidence; and the court, while it may disagree with the jury in the first instance, can always treat the jury's verdict as advisory, and follow it anyway.

Note, Joinder of the Government under the Federal Tort Claims Act, 59 *Yale L.J.* 1515, 1520–21 (1950).

Accordingly, this action will be tried before a jury on all issues. The jury verdict as regards Empresa will be advisory, while the verdict as to Turecamo will not. Such a solution cannot invade Turecamo's rights since he has no independent rights under either § 688 or § 1330(a). This solution will not damage Empresa's right to a nonjury trial because Empresa will receive a bench decision on all issues relevant to its liability.

Should the decisions of judge and jury differ as to one of the issues, the two decisions will be reconciled in accordance with the principles developed in multidefendant actions under § 688. Those principles include the rule of joint and several liability of, and contribution between, joint tort-

feasors in maritime cases, *see Cooper Stevedoring Co., Inc. v. Fritz Kopke, Inc.,* 417 U.S. 106, 94 S.Ct. 2174, 40 L.Ed.2d 694 (1974), the requirement that damages be assessed on the basis of proportionate fault in maritime collision cases, *United States v. Reliable Transfer Co., Inc.,* 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975), the prohibition against double recovery for the same injury, *Trexler v. Tug Raven,* 290 F.Supp. 429, 451 (E.D.Va.1968), *rev'd on other grounds,* 419 F.2d 536 (4th Cir.), *cert. denied,* 398 U.S. 938, 90 S.Ct. 1843, 26 L.Ed.2d 271 (1970), and, by analogy, the principles governing the apportioning of damages when some defendants have settled with plaintiff, *see Fruge v. Damson Drilling Co.,* 423 F.Supp. 1276, 1279 (W.D.La.1976); *Barger v. Petroleum Helicopters, Inc.,* 514 F.Supp. 1199, 1212 (E.D.Tex.1981) *rev'd on other grounds,* 692 F.2d 337 (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 2430, 77 L.Ed.2d 1316 (1983). The parties are directed to address this issue in their trial briefs.

For the reasons given above, Turecamo's motion is denied. Empresa and Turecamo are directed to submit proposed jury charges by February 1, 1984. This action will be placed on the ready trial calendar on February 6, 1984.

IT IS SO ORDERED.