Clint John **TOUPS**

v.

**DU-MAR MARINE CONTRACTORS, INC., et al.**

Civ. A. Nos. 85–1174, 85–1869 and 85–1870.

United States District Court, E.D. Louisiana.

Dec. 4, 1985.

On Motion for Summary Judgment June 25, 1986.

On Motions in Limine Sept. 8, 1986.

Daniel E. Knowles, Henry S. Provosty, Burke & Mayer, New Orleans, La., for Admiral Lee Towing, Inc. and Lee Marine Towing, Inc.

Terrence J. Forstall, Jr., Bruce G. Whittaker, Courtney, Forstall, Grace & Hebert, New Orleans, La., for Johness Hunter, Inc.

Richard A. Thalheim, Jr., Thibodaux, La., for Clint John Toups, Charles J. Toups and Nelda Toups.

John Emmett, Randolph J. Waits, James Cobbs, Emmett, Cobbs, Waits & Kossenich, New Orleans, La., for Du-Mar Tugs, Inc. and Du-Mar Marine Contractors, Inc.

ROBERT F. COLLINS, District Judge.

Du-Mar Marine Contractors, Inc. and Du-Mar Tugs, Inc. have moved for partial dismissal and/or summary judgment dismissing the claims of Charles J. and Nelda Toups for loss of society and mental anguish. The Court has thoroughly reviewed the jurisprudence, the motion, as well as the memoranda in support and opposition thereto. The Court finds that the motion is well-founded. The motion should be and hereby is GRANTED.

The Complaint of Charles J. and Nelda R. Toups alleges that they are parents of seaman Clint Toups, and that on April 30, 1984, Clint Toups was deckhand on the M/V DUMAR POWER when he was injured in the course and scope of his employment. The Complaint alleges that the parents of Clint Toups sustained loss and impairment of services, society and consortium due to the injury to their son, as well as sustaining mental and emotional distress. Plaintiffs seek to base this recovery upon alleged negligence of defendants and the unseaworthiness of defendant's vessel.

Along with federal maritime law, the plaintiffs base their claims on Louisiana law.

The Court finds that the plaintiffs have failed to state a claim upon which relief can be granted with the exception of loss of services. Accordingly, all causes of action except for the claim for loss of services are hereby DISMISSED WITH PREJUDICE.

■ A claim for loss of society or consortium of an injured Jones Act seaman brought by a member of the seaman's family may only be grounded upon unseaworthiness. *Cruz v. Hendy Int'l Co.*, 638 F.2d 719 (5th Cir.1981). The loss of society remedy does not exist where the seaman's injuries were caused by negligence rather than unseaworthiness. *Beltia v. Sidney Torez Marine Transport, Inc.*, 701 F.2d 491 (5th Cir.1983). Thus, the claim for loss of society or consortium brought by the seaman's parents based upon alleged negligence fails to state a cause of action upon which relief can be based.

Both the Jones Act and the General Maritime Law deny recovery for loss of society or consortium where the cause of action is based on negligence. *Beltia,* 701 F.2d at 493; *The Osceola,* 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed.2d 760 (1903). Because the injured seaman has no right to sue for negligence under the General Maritime Law, his family has no derivative right to bring suit for loss of society on a negligence theory. *Beltia,* 701 F.2d at 493; *Christofferson v. Halliburton Co.,* 534 F.2d 1147, 1148–49 (5th Cir.1976). The loss of society/consortium claim of Charles and Nelda Toups based upon the alleged negligence of the defendants must be dismissed since as a matter of law they have failed to state an actionable claim upon which relief can be based. Accordingly, this claim is hereby DISMISSED.

■ The allegation that the parents are entitled to recover loss of society because of the alleged unseaworthiness of the defendants' vessel also fails to state a claim upon which relief can be based. The Fifth Circuit has already held that in a general maritime wrongful death cause of action,

non-dependent parents may not recover for loss of society where their deceased children were killed in territorial waters and are survived by spouse and/or child. *Sistrunk v. Circle Bar Drilling Co.*, 770 F.2d 455 (5th Cir.1985). Although *Sistrunk* is distinguishable from the instant case on several grounds, the Court is nonetheless guided by the Fifth Circuit's recent pronouncement. That *Sistrunk* involved a fatal injury as opposed to the non-fatal injury in the instant case is of little or no moment because the loss of society remedy has been applied to both fatal and non-fatal injuries. See *American Export Lines v. Alvez*, 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284 (1980), and *Cruz v. Hendy Int'l Co.*, 638 F.2d 719 (5th Cir.1981).

Even accepting all allegations set forth in the parents' Complaint as true, this Court still must dismiss the claim for loss of society/consortium based upon unseaworthiness. After *Sistrunk*, non-dependent parents have no claim for loss of society under the General Maritime Law. Plaintiffs' Complaint fails to aver that the parents of Clint Toups were in any way dependent upon the seaman. Therefore, even accepting all allegations in the Complaint as true, *Sistrunk* bars recovery. In holding that the non-dependent parents of a Jones Act seaman have no cause of action to sue for loss of society under the General Maritime Law, this Court extends *Sistrunk* to cover the situation where the seaman is not married and has no children.

■ The Court would still be inclined to grant the motion to dismiss the loss of society claim even if the parents were alleged to be dependent upon the seaman. The plaintiffs' counsel has failed to cite a single case where the loss of society remedy has been extended so far. The dearth of citations reveals the weakness in plaintiffs' case. The loss of society remedy simply has never been extended to permit recovery by the parents of a Jones Act seaman. This Court declines to so extend it.

The Fifth Circuit's recent pronouncement in *Madore v. Ingram Tank Ships, Inc.*, 732 F.2d 475 (5th Cir.1984) provides justification for this Court's dismissal of the parents' claim for loss of society. In *Madore*, the Fifth Circuit refused to extend the remedy for loss of society beyond the spouse of a non-fatally injured seaman. At issue was whether a child could recover loss of society for a non-fatally injured parent. The Court stated that "neither the Jones Act in terms nor any case cited to us permits recovery by a child for loss of society of a living parent." *Madore*, 732 F.2d at 479.

Based on the above authorities, the Court concludes that the claim for loss of society/consortium must fail whether grounded upon unseaworthiness or negligence. Accordingly, these claims are hereby DISMISSED.

■ The claim for mental and emotional distress brought by the parents of the non-fatally injured seaman also fails to pass the muster of a Rule 12(b)(6) motion to dismiss. The Supreme Court has expressly held that mental and emotional distress is not compensable under the general maritime law:

Loss of society must not be confused with *mental anguish or grief, which is not compensable under the maritime wrongful-death remedy.* The former entails the loss of positive benefits, while the latter represents an emotional response to the wrongful death.

*Sea Land Services, Inc. v. Gaudet*, 414 U.S. 573, 585 n. 17, 94 S.Ct. 806, 815, 39 L.Ed.2d 9, 21. Since the action for mental and emotional distress fails to state a claim upon which relief can be based, it should be and hereby is DISMISSED.

■ The parents' claim under Article 2315 of the Louisiana Civil Code also falls victim to the instant 12(b)(6) motion. The Fifth Circuit has expressly held that Article 2315 cannot supply an additional remedy to that provided by the general maritime law where the injury or death occurs in state territorial waters:

Now that *The Harrisburg* [119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358] has been overturned and a general maritime law remedy for wrongful death has been created,

there is no longer a need for recognition and enforcement of state wrongful death statutes in the admiralty courts ... Because a persuasive rationale for the enforcement of state wrongful death statutes in admiralty courts no longer exists after *Moragne* [*v. State Marine Lines, Inc.*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970)], we hold that the wrongful death remedy provided by that case precludes recognition in admiralty of state statutes. The general maritime law will therefore govern the case before us.

*Matter of S/S Helena*, 529 F.2d 744 (5th Cir.1976). Article 2315 thus cannot be used as a remedy in addition to that provided under the general maritime law.

Plaintiffs' reliance upon *Tallentire v. Offshore Logistics, Inc.*, 754 F.2d 1274 (5th Cir.1985) is misplaced. That case held that the Louisiana wrongful death statute which permitted recovery for nonpecuniary losses was not preempted by the federal Death on the High Seas Act and that Louisiana was within its authority in applying its wrongful death statute to occurrences on high seas outside its territorial boundaries. 754 F.2d at 1288–89. *Offshore Logistics* does not apply to the instant case because Clint Toups was injured in territorial waters, not on the high seas. The Fifth Circuit took pains to point out that "The general maritime law preempts state law, but DOHSA preempts the general maritime law, and, as explained, section 7 of DOHSA specifically saves state remedies." 754 F.2d at 1283. *Offshore Logistics* did not overturn the holding of *S/S Helena.* The very holding and rationale of *Offshore Logistics* is limited to deaths on the high seas. The holding of *S/S Helena,* that state remedies cannot supplement general maritime law remedies for injuries in state territorial waters, remains unscathed. Accordingly, the Motion to Dismiss the claims founded upon Louisiana law should be and hereby is GRANTED.

WHEREFORE, the Motion to Dismiss all claims except the claim for loss of services is hereby GRANTED.

## ON MOTION FOR SUMMARY JUDGMENT

■ Defendant, Du-Mar Marine Contractors, Inc., has moved this Court for Summary Judgment in its favor and against plaintiff, Clint John Toups, dismissing plaintiff's claims for maintenance with prejudice.

The Court finds the following facts to be uncontested pursuant to Local Rule 3.10, in that the plaintiff has failed to controvert defendant's statement of facts not in dispute:

(1) Plaintiff, Clint John Toups, was employed as a deckhand aboard the M/V DU-MAR POWER on April 30, 1984;

(2) Plaintiff alleges he was seriously injured while working aboard the M/V DU-MAR POWER on April 30, 1984;

(3) Plaintiff has been living with his parents since April 30, 1984;

(4) Plaintiff has no agreement with his parents that he will pay them room and board while he is disabled and not working;

(5) Defendant, Du-Mar Marine Contractors, Inc., has been paying maintenance to plaintiff under protest since April 30, 1984.

Based upon these uncontested facts and the applicable law, the Court finds that summary judgment on the claim for maintenance should be and hereby is GRANTED.

The United States Supreme Court has ruled that where the injured seaman lives with his family, who provides him food and lodging at no expense to him, the shipowner is not obligated to pay maintenance. *Johnson v. United States*, 333 U.S. 46, 68 S.Ct. 391, 393–94, 92 L.Ed. 468 (1948):

Petitioner presses here his claim for maintenance and cure which was rejected by both courts below. He was hospitalized by respondent for a number of weeks following the accident. He was then found unfit for sea duty and doctors of the Public Health Service recommended that he enter various government hospitals. He refused and went

instead to live on the ranch of his parents. ... There is ample evidence to support the findings of the two lower courts that petitioner had incurred no expense or liability for his care and support at the home of his parents. See *Field v. Waterman S.S. Corporation,* 5th Cir., 104 F.2d 849. On that issue we affirm the Circuit Court of Appeals.

333 U.S. at 50; 68 S.Ct. at 393–94.

The only exception to the rule that a seaman living with relatives is not entitled to recover maintenance is where the seaman is actually paying his family for the cost of his maintenance, or has specifically expressed an intention to make payment to them from whatever money he should receive, accompanied by an expectation on the part of the relatives to be reimbursed. *McCormick Shipping Corporation v. Duvalier,* 311 F.2d 933, 934 (5th Cir.1963); *Duplantis v. Williams-McWilliams Industries, Inc.,* 298 F.Supp. 13, 16–17 (E.D.La. 1969).

Since in the instant case none of the exceptions are applicable, the Court finds that the plaintiff is not entitled to further maintenance.

WHEREFORE, the Motion for Summary Judgment dismissing plaintiff's claims for maintenance with prejudice is hereby GRANTED.

### ON MOTIONS IN LIMINE

The Court is presented with various Motions in Limine that must be passed upon before trial.

■ The first motion is a motion by Du-Mar Marine Contractors, Inc. and Du-Mar Tugs, Inc. restricting the introduction of any evidence concerning or mention of maintenance and cure. For reasons extensively set forth in the Court's Minute Entry of June 25, 1986, the Court granted summary judgment dismissing plaintiff's claims for maintenance with prejudice. Having granted summary judgment on the issue, it would be inappropriate to permit evidence or mention of maintenance at trial, as this would prejudice the jury. Ac-

cordingly, the motion restricting the introduction of any evidence concerning or mention of maintenance and cure is GRANTED.

The second motion is a motion by Du-Mar restricting the introduction of any evidence concerning or mention of mental anguish, loss of society or loss of love and affection of Charles J. and Nelda Toups, the parents of Clint John Toups. For reasons extensively set forth in this Court's Minute Entry of December 4, 1985, this Court held that non-dependent parents of a Jones Act seaman have no cause of action to sue for loss of society under the General Maritime Law, even where the seaman is not married and has no children. The Court granted a Motion to Dismiss all claims of the parents except the claim for loss of services. Having dismissed all claims of the parents except those for loss of services, it would be prejudicial to allow any evidence or mention of the parents' alleged mental anguish, loss of society, or loss of love and affection. Accordingly, the motion restricting the introduction of said evidence or mention of mental anguish, loss of society or loss of love and affection is GRANTED.

The third motion to be ruled upon prior to trial is a motion to restrict the introduction of any evidence concerning or mention of any reference to a violation by Du-Mar of 46 C.F.R. 92.10–25(b). This Federal Regulation is contained in Subchapter I of the Coast Guard Department of Transportation Regulations. Subchapter I is entitled "Cargo and Miscellaneous Vessels." Subpart 90.05 entitled "Application" provides that this Subchapter applies to United States Flag Vessels indicated in column five of table 90.05–1(a). A review of column five of that table indicates that with respect to motor vessels, Subchapter I applies only to vessels carrying dangerous cargoes and vessels carrying freight for hire.

The M/V DU-MAR POWER was an uninspected towing vessel subject to the provisions of Subchapter C which can be found beginning at 46 C.F.R. Subpart 24.

Subchapter C contains no requirement with respect to stairways.

■ Accordingly, since 46 C.F.R. 92.10–25(b) is inapplicable as a matter of law to the M/V DU–MAR POWER, the Court GRANTS the Motion in Limine restricting plaintiff from mentioning in any fashion any alleged violation of this provision of the Code of Federal Regulations.

■ Du-Mar's final Motion in Limine seeks to restrict plaintiff's economist from testifying based upon the assumption that the plaintiff can never again return to gainful employment. The Court finds that the economist should be permitted to testify upon this subject, although his testimony will be subject to cross-examination. The jury will make the ultimate determination of how much credibility should be attached to the economist's conclusions and assumptions. Accordingly, this Motion in Limine is DENIED.

■ Finally, the Court is presented with a Motion to Strike Jury filed by third-party defendants, Lee Marine Towing, Admiral Lee Marine Towing, and M/V GENERAL E. LEE. Said movants contend that while plaintiff, an alleged Jones Act seaman, is entitled to a jury trial against his employer, Du-Mar Service, Inc., he has no independent right to a jury as against Lee Marine Towing, which is not diverse to the plaintiff, and whose liability, if any, arises solely under the general maritime law.

Lee Marine contends that had plaintiff sued Lee Marine alone, there is no question that the trial would be to the Court and not to a jury, because there is no right to a jury for a claim arising solely under the general maritime law. In support of its proposition that the joinder of a Jones Act defendant, with the attendant right to trial by jury, does not impart a right to trial by jury against a co-defendant whose alleged liability arises solely under the general maritime law, Lee Marine relies upon a district court opinion from another circuit, *Diodato v. Turecamo Coastal & Harbor Towing, Inc.*, 100 F.R.D. 756 (S.D.N.Y. 1984). In *Diodato*, the court used an advisory jury as to those defendants against whom the plaintiff had only a right to a bench trial.

At least one district court decision from this circuit resolves the issue in a different fashion than *Diodato*. In *Woosley v. Mike Hooks, Inc.*, 603 F.Supp. 1190 (W.D.La. 1985), Judge Veron held that where plaintiffs assert purely maritime claims against certain defendants in a suit in which some of the plaintiffs have a statutory right to a jury trial against another defendant, and the claims all arise out of the same transaction or occurrence, the purely maritime claims against the non employer could and should be tried to the jury as well.

The Court finds *Woosley* to be the better resolution of the issue rather than *Diodato*. The situation is analogous to the issue presented to the United States Supreme Court in *Fitzgerald v. United States Lines Company*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). In *Fitzgerald*, the court held a seaman, who joined in one complaint a maintenance and cure claim and a Jones Act claim, both arising out of one set of facts, was entitled to a jury trial as of right on both claims. While *Fitzgerald* concerned multiple claims against a single defendant, and the instant suit concerns multiple claims against multiple parties, the logic of *Fitzgerald* still applies:

> Requiring a seaman to split up his lawsuit, submitting part of it to a jury and part to a judge, unduly complicates and confuses a trial, creates difficulties in applying doctrines of *res judicata* and collateral estoppel, and can easily result in too much or too little recovery ... While this Court has held that the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment nor any other provision of the Constitution forbids them. Nor does any statute of Congress or Rule of Procedure, Civil or Admiralty, forbid jury trials in maritime cases. Article III of the Constitution vested in the federal courts jurisdiction over admiralty and maritime cases, and since that time, the Congress has largely left to this Court

the responsibility for fashioning the controlling rules of admiralty law ... Only one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments.

*Fitzgerald,* 83 S.Ct. at 1649–50.

Accordingly, this Court finds this entire case should and will be tried by a jury. The Motion to Strike the Jury is DENIED.