497 So.2d 774 (1986)
Daniel LONTHIER and Roxanne L. Lonthier, Plaintiffs-Appellants,
v.
NORTHWEST INSURANCE COMPANY and Mid Continent Underwriters, Inc., Sabine Towing & Transportation Co., Inc. and Union Oil Company of California, Defendants-Appellees.
No. 85-1137.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1986.
*775 Jones, Jones & Alexander, Jerry G. Jones, Cameron, for plaintiffs-appellants.
Randall K. Theunissen, of Allen, Gooch, Bourgeois, Breaux & Robinson, P.C., Lafayette, F. William Mahley, Houston, Tex., Donald C. Brown, of Camp, Carmouche, Barsh, Gray, Hoffman & Gill, Lake Charles, for defendants-appellees.
Before DOMENGEAUX, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
The only issue presented on appeal in this case is whether the jury committed manifest error in failing to make an award to Roxanne Lonthier for loss of consortium.
Daniel and Roxanne Lonthier filed suit in district court against various defendants seeking recovery for personal injuries sustained by Daniel Lonthier while on the job. Mr. Lonthier was stepping down from a barge onto a dock piling when he slipped and struck the piling with his lower back, landing on a metal grating on his knees. After conservative treatment for several months, surgery was recommended. In May 1984, he underwent spinal fusion surgery which fused two vertebrae in his lower back. The operation was successful and Mr. Lonthier recovered but he had a permanent disability. The case was tried to a jury, which awarded Lonthier $400,000. That judgment has been paid.
Included in the original suit was a claim by Mrs. Lonthier for loss of consortium due to her husband's injuries. The jury made no award to Mrs. Lonthier on the consortium claim. She argues on appeal that the jury's finding on the consortium issue contradicted the evidence and for that reason it is clearly erroneous.
The verdict sheet demonstrates that the jury considered Roxanne's loss of consortium claim, and concluded that she was not entitled to any award for that loss. In its charge to the jury the court carefully explained loss of consortium, and told the jury it could make an award for that item. The verdict sheet was in the form of interrogatories, with Interrogatory Number Six containing an itemized list of Daniel Lonthier's claimed damages, and a separate item for Roxanne Lonthier's loss of consortium damage. The jury assigned amounts to five separate items of damage pertaining to Daniel, but put a zero in the blank space provided for Roxanne's loss of consortium. We must accordingly examine this zero award for manifest error.
The compensable elements of damage in a loss of consortium claim are loss of society, sex, and service and support. See LSA-C.C. 2315(B). See also Gaspard v. Transworld Drilling Co., 468 So.2d 692 (La.App. 3rd Cir.1985) and Sharp v. Metropolitan *776 Property and Liability Ins. Co., 478 So.2d 724 (La.App. 3rd Cir.1985). "Society" is broader than loss of sexual relations. It includes general love, companionship, and affection that the spouse loses as a result of the injury. "Support" is the lost family income that would go to support the uninjured spouse. "Service" is the uncompensated work around the house or educational help with the children which presumably will, as a result of the injury, have to be obtained from another source and at a price. See Gaspard, supra.
Whether a party is entitled to damages or not is an issue of fact to be decided by the trier of fact. A finding of fact cannot be overturned on appeal absent a showing of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In the present case the evidence relevant to the loss of consortium claim consists of the testimony of the Lonthiers and Dr. Harper Willis, a psychiatrist whom Mrs. Lonthier saw at the suggestion of her attorney.

SOCIETY
Neither the Lonthiers nor Dr. Willis testified that Roxanne had lost any love, companionship, or affection as a result of her husband's injury. Mrs. Lonthier mentioned no change in his attitude toward her, apart from moodiness brought on by his accident. If anything, the Lonthiers have more opportunity for companionship and togetherness now that Daniel no longer works 14 to 15 hours a day. See Finley v. Bass, 478 So.2d 608 (La.App. 2nd Cir.1985). We agree with the court in Finley that while "every personal injury tends to decrease the parties' overall happiness", it is the plaintiff who carries the burden of proving a definite loss on each element of damages.
We cannot say that the jury was clearly wrong in failing to find a loss of society.

SEX
According to the Lonthiers, they had not engaged in sexual relations for approximately two years  from the time of the accident until the time of the trial. By their own admission, the Lonthiers did not seek professional help. Daniel did not mention the problem to his treating physician. The psychiatrist Willis testified that the Lonthiers had not had sex for two years. Of course, he was merely repeating what he had been told by Roxanne just before trial. The doctor testified that lack of sexual relations was causing Roxanne stress, although money problems and the death of her mother-in-law were causing her more stress. He also testified that Mrs. Lonthier still loved her husband very much and that this compensated for lack of sexual relations.
The very nature of this item of damages renders it insusceptible of objective proof. Basically, proof of absence of sexual relations comes down to the credibility of the couple in the eyes of the jury. The trier of fact is in a much better position to determine the credibility of witnesses and the evidence they present, and absent some manifest error, the reviewing court must follow the trial court's determination. Moore v. Moore, 479 So.2d 1040 (La.App. 3rd Cir.1985).
The jury must not have believed the Lonthiers' testimony about their lack of sexual relations for two years. After reading the record, we cannot say that the credibility judgments made by the jury at the trial contradicted the evidence, and thus were clearly in error.

SERVICES
Mrs. Lonthier testified that her husband can no longer cut grass, fix broken pipes, paint or do carpentry work around the house. Mr. Lonthier testified that he used to work around the house two to three hours per day in addition to his 14 to 15 hour work day. That would mean that he worked an average of 16 to 18 hours a day between his job and work at home. Mr. Cornwell, an economist who testified for the plaintiffs-appellants, stated that two to three hours of work a day at the minimum wage of $3.35 would mean that the loss to *777 Roxanne in uncompensated services by her husband would amount to $82,249.33. Mr. Cornwell's projection was based upon the husband's estimated life span.
Roxanne did not testify that she had had to hire any extra help. She stated that some relatives who lived nearby helped her after her husband's injury. The burden of proving the existence of damages and a causal connection between them and the delictual act rests with the plaintiff seeking damages. Such proof must be shown by a preponderance of the evidence and mere possibility is not sufficient. Meyers v. Imperial Cas. Indemn. Co., 451 So.2d 649 (La.App. 3rd Cir.1984). Material services are susceptible of reasonably certain proof and some evidence should be offered. Finley v. Bass, 478 So.2d 608 (La.App. 2nd Cir.1985); Edwards v. Lewis Grocery Co., 391 So.2d 13 (La.App. 2nd Cir.1980). Roxanne did not present any evidence of actual loss of material services since she admitted that she had not incurred any expense in replacing her husband's services. At best all that was proved was potential loss or the possibility of a loss. See Finley, supra.
The jury might have been motivated to find no loss in services for another reason. As we understand Mr. Lonthier's disability, described by his treating physician, there is much he can still do, and his condition may greatly improve. At the time of trial, he could not return to a job requiring daily work aboard a boat servicing oil wells in a lake, which is what he was doing at the time of his accident, but he was not helpless. For example, he admitted that during the duck hunting season of December 1984, following his final fusion surgery in May of that year, he worked daily as a hunting guide in the marshes. Upon the evidence presented, we find that the jury did not err in failing to make an award for loss of services.

SUPPORT
The plaintiffs-appellants did not specifically argue the judgment as regards the support element of the consortium claim. Mr. Lonthier was awarded $250,000 in lost future income. This award subsumes any claim Roxanne may have brought for loss of support. Gaspard v. Transworld Drilling Company, 468 So.2d 692 (La.App. 3rd Cir.1985).
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.