KNOLL, Judge.
The State of Louisiana, through the Department of Transportation and Development (hereafter DOTD) appeals the trial court’s damage award of $519,661.50 to Loretta Forest and her four minor children for the death of James Forest. Loretta Forest, individually and as the tutrix of her four minor children, sued: Joseph Vils, the driver of the GMC pickup truck which struck James Forest; Vils’s insurer, Travelers Insurance Company; DOTD; and various State contractors and their subcontractors. All defendants except Vils, Travelers and DOTD were either dismissed by summary judgment or settled their claims with the family of James Forest prior to trial. After trial the judge found DOTD and Joseph Vils negligent and liable in solido for the wrongful death of James Forest.
DOTD contends that the trial court erred: (1) in failing to find the decedent guilty of contributory negligence or that he had the last clear chance to avoid the accident or that he voluntarily assumed the risk of the injuries leading to his death; (2) in not finding that the negligence of Joseph Vils was the cause in fact of the accident; (3) in finding DOTD liable; and (4) in awarding excessive damages for loss of love, affection and companionship. We affirm, finding no abuse of discretion by the trial court.
FACTS
On June 30, 1980, shortly after midnight James Forest and his eleven year old son, Kelly, left their residence in Carenero on bicycles en route to Angelle’s Restaurant. Their route of travel was east on Highway 182, then south through highway construction on the frontage road, which parallels the southbound lanes of U.S. Highway 167 (now 1-49). At the intersection of Highway 726 and the southern end of the frontage road, a series of five barricades (placed horizontally across the road) blocked traffic from continuing south on the frontage road, and traffic was detoured at a 90 degree turn to the west. James Forest dismounted his bicycle at the barricades, and began picking up one of the barricades so that he and his son could continue their bicycle trip unimpeded by vehicular traffic on the unopened section of the frontage road.
As James Forest was lifting one of the barricades to slide the bicycles through, Joseph Vils drove his GMC pickup truck south on the frontage road through the center barricade, striking and killing James *1316 Forest. Kelly Forest asked Vils to get help; Vils, upset about the damage to his truck, told Kelly not to worry about his father, and thereupon fled the accident scene. Vils was later identified by Kelly who recalled the last three digits of Vils’s license plate number. Subsequently, Vils was charged and pleaded guilty to negligent homicide.
THEORY OF RECOVERY
The trial court imposed liability upon DOTD based on negligence. DOTD couches its argument on the theory of strict liability. The sole difference between the theories of negligence and strict liability is that in a strict liability case the injured litigant need not prove that the owner knew or should have known that the thing owned created an unreasonable risk of injury. Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982). In the case sub judice the State project engineer testified that within seventeen days prior to this fatal mishap three accidents were reported where the motoring public ran through the barricade in question. Liability grounded on negligence is imposed when DOTD is actually or constructively aware of a hazardous condition and fails to take corrective measures within a reasonable time. Sinitiere v. Lavergne, 391 So.2d 821 (La.1980). Accordingly, it is not necessary to hold the State strictly liable. DOTD’s liability is rooted in its duty under LSA-R.S. 48:21 to “study, administer, construct, improve, maintain, repair, and regulate the use of public transportation systems and to perform such other functions with regard to public highways, roads, and other transportation related facilities as may be conferred on the department by applicable law.”
DOTD’S NEGLIGENCE
The trial court concluded that the State breached its duty to the public by failing to affix flashing amber lights, detour signs and warning signs to the barricades, and by failing to place warning signs alerting oncoming traffic that the frontage road south of Highway 726 was barricaded. DOTD contends that the trial court’s factual conclusions in those particular respects were manifestly erroneous.
Where evidence is conflicting, the appellate court must give great weight to the factual conclusions of the trier of fact and should not disturb the trial court’s reasonable evaluation of credibility, even though the reviewing court finds its own evaluations and inferences are equally reasonable. Canter v. Koehring Company, 283 So.2d 716 (La.1973). After our careful review of the record, we find that the trial court’s factual conclusions are not erroneous.
We must next decide whether the trial court was correct in finding DOTD negligent. In a cause of action based on negligence, plaintiff must establish fault on the part of defendant by showing defendant, or someone for whom defendant is answerable, owed a duty to plaintiff, that there was a breach of this duty, and that this breach of duty is the cause in fact of the damages suffered by plaintiff. King v. Commercial Union Ins. Co., 425 So.2d 358 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 146 (La.1983).
The duty of DOTD, in the context of construction work recognized by the trial court, was established in Knotts v. State, Dept. of Highways, 395 So.2d 419 (La.App. 3rd Cir.1981), writs denied, 400 So.2d 669, 670 (La.1981):
“We recognize the necessity of construction work along our highways and that hazards will often necessarily exist during the course of construction. We are aware that the general duty of the Department to maintain the highways in a reasonably safe condition are relaxed somewhat in connection with construction activities. This duty, however, is relaxed according to the reasonable necessities of the circumstances. Hazardous conditions, created by construction work on a highway, must be remedied within a reasonable length of time. It is a breach of the Department’s duty to allow a haz *1317 ardous condition to exist for an unreasonable length of time, particularly when it is within the capability of the Department to eliminate the hazard. ‘What constitutes a reasonable time to complete construction and to eliminate construction defects depends upon the circumstances of each case and involves consideration of factors such as the extent of the project, emergencies, availability of materials and manpower, priorities of projects, safety and economic aspects of construction, the nature and degree of the hazard created, the ability to adequately warn, and other factors. ’
Brandon v. State, Through Dept. of Highways, 367 So.2d 137, 143 (La.App. 2nd Cir.1979), writs ref'd, 369 So.2d 141 (La.1979). ”
Included within DOTD’s obligation is its duty to alert unwary drivers to unusually perilous hazards such as an unexpected or improperly marked intersection by erecting signs and marking the highway. Wall v. American Employers Insurance Company, 215 So.2d 913 (La.App. 1st Cir.1968), writ denied, 217 So.2d 415 (La.1969).
The frontage road on which motorists were directed from Highway 167 was frequently used and automobiles built up substantial speed approaching the barricade. At the barricade, motorists were supposed to maneuver their vehicles sharply at a 90 degree turn to the west away from the frontage road construction further south. Under these facts the trial judge correctly determined that the State owed a duty to the public to alert drivers of this sudden, hazardous detour, and, since it was foreseeable that bicyclists and pedestrians would use the road in question, the State’s duty to protect the public extended to the protection of James Forest.
DOTD does not seriously contest that it had a duty to protect James Forest. Rather DOTD argues that it was the negligence of Vils that was the cause in fact of Forest’s death. We disagree.
Causation must be proven by a preponderance of the evidence. Townsend v. State, Department of Highways, 322 So.2d 139 (La.1975). Causation is a question of fact which, considering the great weight attributed to the trial court’s determinations, can not be disturbed absent manifest error. Smith v. State, Through Depart. of Transp., Etc., 412 So.2d 685 (La.App. 2nd Cir.1982), writ denied, 413 So.2d 907 (La.1982).
In Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962), cause in fact was explained as follows:
“Negligent conduct is a cause-in-fact of harm to another if it was a substantial factor in bringing about that harm_ [T]he negligent conduct is undoubtedly a substantial factor in bringing about the collision if the collision would not have occurred without it. A cause-in-fact is a necessary antecedent. If the collision would have occurred irrespective of the negligence ... then his negligence was not a substantial factor or cause-in-fact_” (Footnotes omitted.)
In Ganey v. Beatty, 391 So.2d 545 (La.App. 3rd Cir.1980), writ denied, 396 So.2d 1325 (La.1981) we stated:
“To determine cause-in-fact, courts will carefully scrutinize all the evidence, and those acts will be adjudged causes-in-fact when it is found that more probably than not they were necessary ingredients of the accident. Stated otherwise, an act will be deemed a cause-in-fact of an accident only when, viewed in the light of all the evidence, it is concluded that it is a substantial factor without which the accident would not have happened. ” (Emphasis added.)
At trial Forest’s experts testified without contradiction that one of the more important purposes highway signs and markings serve is to draw the attention of the inattentive driver. Furthermore, the hazardous condition created by the detour at the barricade merited advance warning signs to alert the unwary approaching motorists.
A public authority is liable in solido with motorists when its negligence com *1318 bined with that of a motorist is found to be the proximate cause of an accident. Holmes v. Christopher, 435 So.2d 1022 (La.App. 4th Cir.1983), writs denied, 440 So.2d 723, 724, 765 (La.1983); see also Brandon v. State, Through Department of Highways, 367 So.2d 137 (La.App. 2nd Cir.1979), writ denied, 369 So.2d 141 (La.1979).
There is no question that Vils was inattentive and that his negligence was a cause in fact of the death of James Forest. However, DOTD’s assertion that Vils’s negligence alone was the cause in fact of Forest’s death is unsubstantiated by the record. The record shows one act of inattentiveness by Vils, that being, running into the unforewarned barricade. Under the circumstances of this case, DOTD had a duty to forewarn the motorists of the barricade and detour. Accordingly, the trial judge properly concluded that Vil’s inattentiveness and DOTD’s failure to warn together were the causes in fact of the death of James Forest.
FOREST’S NEGLIGENCE
DOTD contends that James Forest was contributorily negligent, that he assumed the risk and that he had the last clear chance to avoid the accident. DOTD’s arguments are based on the fact that Forest was in violation of various revised statutes, and that these violations constituted negligence per se.
DOTD bore the burden of proving that Forest's own contributory negligence was a legal cause ofthe accident sufficient to bar his own recovery. This necessitates proof that the risk incurred as the result of the accident was one from which the duty violated by plaintiff was imposed to protect. Wright v. O’Neal, 427 So.2d 852 (La.1983). In deciding whether the risk resulting in a person’s harm was within an imposed duty two principal questions must be addressed: (1) was the conduct complained of a cause in fact of the harm? and (2) if so, did the actor breach a legal duty imposed to protect against the particular risk involved? Wright, supra. As part of this inquiry the jurisprudence has firmly established that the mere violation of a statute does not per se constitute a proximate cause of an accident. Kinchen v. Hansbrough, 231 So.2d 700 (La.App. 1st Cir.1970)., writ denied, 255 La. 1099, 234 So.2d 194 (1970).
DOTD’s argument is that Forest was operating a bicycle on the public highway without proper safety equipment as provided in LSA-R.S. 32:53, and that he was moving a barricade in contravention of LSA-R.S. 32:237 to gain access to a highway under construction as prohibited by LSA-R.S. 32:261.
Assuming, arguendo, Forest was in violation of the aforementioned statutes and that such violations constituted a breach of the statutory duties imposed therein, we nonetheless conclude that his statutory violation did not constitute the cause in fact of the accident. Likewise DOTD did not prove that Forest’s slight movement of the barricade to gain entry to a closed road in any way hindered Vils’s ability to appreciate the necessity for a detour.
The learned trial judge commented that: “Attempting to pass a bicycle through a barricade does not in and of itself establish negligence or victim fault. Kelly Forest, son of the deceased, testified that he warned his father that a truck was coming and that the accident occurred eight (8) to ten (10) seconds after his warning. It was reasonable for Mr. Forest to rely on the fact that the road was closed and to assume that the truck would follow the frontage road to the West. It is alleged by the defendants that Mr. Forest either assumed the risk or, in the alternative, had the last clear chance to avoid this accident. For either of these theories to constitute contributory negligence on the part of Mr. Forest, he would have had to have been aware of the danger he was in and react negligently to that risk. Mr. Forest had no reason to anticipate that Mr. Vils would not stop as he approached the barricades. Alternatively, even if Mr. Forest had perceived the danger he was in, he did *1319 not have time to take evasive action. This Court does not feel that the deceased was ever aware of the danger he was in and he therefore was not con-tributorily negligent. ”
After reviewing the particular facts of this case, we can not say that the trial court was manifestly erroneous in concluding that James Forest neither assumed the risk, nor had the last clear chance to avoid the accident, and, therefore, was not con-tributorily negligent.
DAMAGES
The trial court awarded $150,000 to James Forest’s wife for loss of love, affection and companionship, and $50,000 each to his four minor children. In addition the trial court awarded Kelly Forest, the son who witnessed the fatal accident, an additional $50,000.
DOTD does not contest the award made to Forest’s wife or the award of $118,500 for the loss of support; however, it contends that the awards to the Forest children are excessive.
Before a trial court’s damage award can be questioned as inadequate or excessive, an appellate court must look first to the individual circumstances of the present case. Then only after analyzing the facts and circumstances peculiar to the individual case may a reviewing court determine that an award is either excessive or inadequate. Therefore, the initial inquiry must always be directed at whether the fact finder abused its much discretion. Hebert v. Domingue, 473 So.2d 120 (La.App. 3rd Cir.1985), writ denied, 477 So.2d 708 (La.1985).
The first issue is whether the trial court erred in awarding Kelly Forest an additional $50,000 for emotional problems resulting from having witnessed his father’s death. The record clearly establishes a close father-son relationship between Kelly and James Forest. Kelly witnessed Vils’s truck hurl his dad’s body 156 feet, then encountered Vils’s callous disregard for the well-being of his dad wherein he was told by Vils, “Look what he [James Forest] did to my truck,” and then watched in disbelief as Vils fled the scene. Suddenly, the task of getting emergency help for his dad was thrust upon Kelly, an eleven year old. Because Kelly witnessed the death of his dad, he has suffered intense emotional anxiety, and failed the sixth grade for two consecutive years following this tragedy. In light of the particular circumstances applicable to Kelly we can not say that the trial court abused its much discretion in awarding $100,000 damages to him. Meche v. Gulf States Utilities Co., 444 So.2d 137 (La.App. 3rd Cir.1983); Whittington v. Souela Technical Institute, 438 So.2d 236 (La.App. 3rd Cir.1983), writs denied, 443 So.2d 591, 592 (La.1983). Clearly Kelly’s loss was greater than his siblings’; therefore, it was appropriate for the trial judge to award him a greater sum of damages.
DOTD next calls our attention to several decisions in which awards to minor children ranged from $25,000 to $40,000. However, each case must be decided under its particular set of facts. The trial court found that James Forest was an ideal family man whose hobby was a total commitment to his family. The bond between James Forest and his minor children was a close loving one. In light of the particular facts and circumstances of this case the trial court did not abuse its much discretion in the damage awards made to each child. Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed against DOTD.
AFFIRMED.
STOKER, J., dissents and assigns written reasons.