528 So.2d 765 (1988)
Dominic VIDRINE, et ux, Plaintiffs-Appellants,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, et al., Defendants-Appellees.
No. 87-550.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
Furher & Flournoy, George A. Flournoy, Alexandria, for plaintiffs-appellants.
Voohies & Labbe, Gregory K. Moroux, Lafayette, Brinkhaus, Falgoust & Dauzat, Jimmy L. Dauzat, Opelousas, for defendants-appellees.
Before DOUCET, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
Dominic Vidrine, his wife, Linda Vidrine, and their minor child, Carmen, appeal the *766 jury verdict in their tort claim for damages against David June, his insurer, Government Employees Insurance Company (GEICO), and the Vidrines' uninsured/underinsured motorist carrier, Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau), for damages they sustained when David June struck the Vidrines' automobile head-on in the Vidrines' lane of travel. The jury: (1) apportioned fault 60% to David June, and 40% to Linda Vidrine; (2) awarded Linda Vidrine $25,500 in general damages, $8,478.82 in medical expenses, and lost earnings of $3,303.68; (3) awarded Carmen $678.20 in damages; and, (4) made no award to Dominic Vidrine for loss of consortium.
The Vidrines contend that the jury: (1) committed manifest error in finding Linda Vidrine 40% at fault; (2) erred by reducing the damage award to Linda Vidrine by 40% because the jury charges and the jury verdict form were confusing and insufficient; and, (3) abused its discretion in its award of damages to Linda and Carmen Vidrine, and in failing to award Dominic Vidrine damages for loss of consortium. We reverse to delete the 40% fault attributed to Linda Vidrine, and increase the damages awarded to her and Carmen.

FACTS
This case arises from a vehicular accident that occurred on Louisiana Highway 29 near Ville Platte within minutes after sunset on February 28, 1985. At that time Linda Vidrine was driving her white 1984 Ford LTD north on the highway with her daughter, Carmen, who was eight years of age. David June was driving his 1967 Pontiac Firebird south on the same highway on his way home from work.
The accident occurred near a no passing zone when David June attempted to pass a slow traveling pickup truck driven by Paul Santoro. David June pulled into the northbound lane, began his passing maneuver, and as he pulled even with the Santoro vehicle, he suddenly saw Linda Vidrine's vehicle. David June testified that he slowed down in an attempt to return to his lane of travel behind the Santoro truck, but was unsuccessful. David June's vehicle hit the Vidrine vehicle head-on in Linda Vidrine's lane of travel.

APPORTIONMENT OF FAULT
Linda Vidrine contends that the jury erred in finding her 40% at fault in causing the accident. She argues that on the basis of Simon v. Ford Motor Company, 282 So.2d 126 (La.1973), when a driver on the wrong side of the road collides with another vehicle which is in its correct lane of traffic, the driver on the wrong side of the road is required to exculpate himself of any fault, however slight, contributing to the accident. GEICO and Farm Bureau argue that Linda Vidrine was contributorily negligent because she was driving at or after sunset without her headlights on, and it was too dark for David June to see the Vidrine vehicle as he attempted to pass Santoro.
Simon is inapposite to the question presented. The query Simon addressed was what degree of fault on the part of the driver who leaves his lane of the highway may exculpate him from liability to a blameless person proceeding properly in the opposite lane. In response the Louisiana Supreme Court held that such a motorist must exculpate himself from any fault whatsoever to avoid liability. We do not disagree with that holding. However, in the case sub judice we are not presented with any attempt by David June to avoid liability for the accident. Rather, the question squarely placed before the jury was apportionment of fault, and it is this finding that we are called upon to review, i.e., whether the jury was clearly wrong in its assessment of 40% fault to Linda Vidrine.
The standard of appellate review is well settled in the jurisprudence of Louisiana: The factual conclusions of the trier of fact are entitled to great weight and should not be disturbed by the reviewing court unless clearly erroneous. If there is conflict in the testimony, reasonable inferences of credibility and reasonable inferences of fact should not be disturbed even though the appellate court may feel that its own evaluations and inferences are as reasonable. *767 Bray v. Isbell, 458 So.2d 594 (La. App. 3rd Cir.1984), writ denied, 462 So.2d 210 (La.1985). The rationale for this well settled principle is based not only upon the trial court's better capacity to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss. LSA-C.C. Art. 2323. In the allocation of comparative fault, the trial court must consider both the nature and conduct of each party at fault and the extent of causal relationship between the conduct and the damages. Attales v. Shelter Mut. Ins. Co., 488 So.2d 474 (La.App. 3rd Cir. 1986).
Defendants' case against Linda Vidrine was that she was driving after sunset without her headlights on, and it was too dark for David June to see her automobile. Contributory fault is never presumed but, as any other fact, must be proved by a preponderance of the evidence. Smith v. Travelers Ins. Co., 430 So.2d 55 (La.1983); Tirante v. Gulf States Utilities Co., 412 So.2d 128 (La.App. 1st Cir.1982), writ denied, 414 So.2d 389 (La.1982). Accordingly, defendants had to prove that more probably than not Linda Vidrine did not have her headlights on, and that her failure to have her headlights on was the cause in fact of the accident.
The record is clear that defendants proved that sunset on the day of the accident in the Lafayette area was at 6:05 p.m. Furthermore, the record preponderates that the accident happened within minutes after sunset, if not at sunset, because the ambulance logged the call for medical assistance at 6:14 p.m.
The first hurdle defendants faced was proof that it was so dark that the failure to illuminate the headlights was the cause in fact of the accident. Paul Santoro testified that the accident took place when it was just getting dark, that a driver did not need headlights to see clearly, and that he was able to see Linda Vidrine's white car as it approached. Linda Vidrine testified that at the time of the accident it was not so dark that she could not see clearly; furthermore, her testimony was unrefuted that prior to impact she could see that David June's automobile was red. She does not recall whether she had illuminated her headlights.
David June testified that he was on his way home from work, had exited a curve and found himself following the slow traveling Santoro pickup truck. He stayed behind Santoro through the no passing zone near Highway 29 and an intersecting state road to the west, and eased out around Santoro; then, looking carefully down the straight away and not seeing oncoming traffic, he started his passing maneuver. Despite this, David June also testified that it was just getting dark, that it was not pitch black where you had to have lights on to see, and that there was no reason why he would not have seen Linda Vidrine's white automobile before he started to pass the Santoro vehicle.
After carefully reviewing the record, we find that the jury was clearly wrong in attributing 40% fault to Linda Vidrine. The evidence does not preponderate that it was so dark when the accident occurred that a driver would not be able to see oncoming vehicles unless they had their headlights illuminated. Accordingly, we conclude that even if Mrs. Vidrine's automobile was traveling without its headlights illuminated, defendants did not prove that this failure was a contributing cause of the accident. Therefore, since no other fault was established on the part of Linda Vidrine, we reverse the jury verdict to delete all fault attributed to her for lack of causation.

JURY MISCONDUCT
The Vidrines contend that the jury did not understand the trial judge's instructions that the court would reduce the damages awarded by whatever percentage of *768 negligence was attributable to the plaintiffs, and that the trial court should have used their proposed jury instruction on this issue. Since we have determined that the jury's assessment of fault to Linda Vidrine was improper, and because of our treatment of damages which follows, this issue is now moot and need not be addressed.

VERDICT FORM
The Vidrines next contend that the verdict form should have further broken down the pain and suffering aspect of the general damage award into separate categories for physical and mental pain. We disagree.
This court has held that there is no requirement for the trial court to separate items of general damages on the verdict form. Deshotel v. South Louisiana Contractors, Inc., 484 So.2d 155, 157 (La.App. 3rd Cir.1986), writ denied, 493 So.2d 635 (La.1986). Although the Vidrines submitted a verdict form prior to the trial court's instruction to the jury, the trial court may reject such a proposal and we will not overturn its decision in the absence of an abuse of discretion. Guillory v. Avondale Shipyards, Inc., 448 So.2d 1281 (La.1984).

QUANTUM
The Vidrines next contend that the jury's assessment of general damages to Carmen and Linda Vidrine were inadequate, and that its rejection of Dominic Vidrine's claim for loss of consortium was contrary to the evidence. They do not complain about the jury's award for medical expenses and loss of wages.
In reviewing a trial court's award of general damages, we may not impinge upon the great discretion given the trial court on the issue of damages by replacing its award with one that we subjectively believe is adequate. Sullivan v. Quick, 465 So.2d 254 (La.App. 3d Cir.1985), writ denied, 467 So.2d 1134 (La.1985). Our first inquiry must always be whether the trial court's award for the particular injuries and their effects upon this particular injured person is, a clear abuse of the trier of fact's much discretion in the award of damage. It is only after articulated analysis of the facts discloses an abuse of discretion, that the appellate court may, for articulated reasons, consider an award either excessive or insufficient. Reck v. Stevens, 373 So.2d 498 (La.1979). In light of this standard we will treat each claim separately.
The jury awarded Linda Vidrine $25,500 for general damages (pain and suffering, physical and mental; and scarring). She contends this amount is inadequate. We agree.
Linda Vidrine, who was 32 years of age at the time of the accident, was first treated on the evening of the accident by Dr. Gordon E. Soileau at Ville PlatteHumana Hospital. He described her face as a bloody mass, sutured her lower lip, eyebrow, and the tip of her nose, and gave orders for her to remain in an almost upright position because she was vomiting as the result of having swallowed so much blood. She remained hospitalized in Ville Platte overnight. The next day she was transferred to Lafayette General Hospital where she was treated by Dr. Carl B. Alldredge, an otolaryngologist. She remained hospitalized at Lafayette General for two days. He described her injury as a severely commutated nasal fracture; because of the extreme swelling in the nasal area, he was unable to diagnose the extent of the injury. The tip of her nose, which had been sutured, was lacerated through and through. It took two weeks of continual application of ice packs to her face to reduce the swelling sufficiently to enable Dr. Alldredge to determine the extent of the fracture and to attempt a closed reduction on March 11, 1985. The closed reduction was ineffective, and on August 6, 1985, because she had difficulty in breathing, and experienced nasal bleeding, considerable pain, and headaches, Dr. Alldredge performed a nasal reconstruction, septoplasty and a partial bilateral inferior turbinectomy.
Dr. Alldredge testified that it was not until October, more than seven months after the accident, that Linda Vidrine's condition *769 began to improve. Even then her face was still swollen, and she was plagued with recurring painful headaches. He further opined that Linda Vidrine's complaints at the time of trial of headaches, an exquisitely tender nose, a numb portion of her lip, and the full feeling she has in her head when she bends over are consistent with the severity of the nasal injuries she incurred as a result of the accident.
At trial Linda Vidrine testified that she has headaches two to three times a week, lasting anywhere from all day to several hours; medication offers little relief. Dr. Alldredge, whose testimony was unrebutted, explained that what Linda Vidrine suffered was post-traumatic syndrome, not a sinus headache, which will be permanent because of the severe fracture to the nose and damage to the supporting structures.
After carefully reviewing the testimony relative to Linda Vidrine's injuries, particularly the severity of the fracture and the permanent headaches associated with the injury, we conclude that the jury abused its much discretion in awarding $25,500 for general damages, and that the lowest amount it could have awarded was $50,000. We will amend the jury verdict accordingly.
The jury next awarded Carmen, the Vidrines' minor daughter, general damages of $678.20. Of the amount awarded it is the consensus among the litigants that $78.20 of the award represents medical expenses incurred for Carmen's treatment in the emergency room on the night of the accident. The record supports such an award for the physical injuries suffered, and the Vidrines do not contest that amount. Rather, the Vidrines' sole contention is that the jury should have awarded damages for Carmen's mental anguish. We agree.
Carmen was just eight years of age at the time of the accident. She testified that she saw David June's automobile approaching their vehicle prior to the crash in their lane of travel, and shut her eyes just before impact. Linda Vidrine, who was wearing her seat belt and shoulder harness, testified that when she realized impact was inevitable, she reached over to Carmen, who was also wearing a seat belt and shoulder harness, to further restrain her so that she would not be hurled into the dashboard or windshield. Furthermore, the record clearly establishes that although Carmen did not sustain serious physical injuries, she saw her mother's face dramatically bloodied, and witnessed her mother repeatedly regurgitate blood immediately after the accident. In Forest v. State, Through Louisiana Dept. of Transp. and Development, 483 So.2d 1313 (La.App. 3rd Cir.1986), affirmed, 493 So.2d 563 (La. 1986), we affirmed the trial court's additional award for mental anguish to a minor child who witnessed the death of his father in a vehicular accident. The Forest case and the case sub judice are very similar. Carmen's involvement in the accident is so closely related to the accident that it would be ludicrous to say that she did not suffer mental anguish in seeing her mother injured. Therefore, we find that under the rationale of Forest, supra, Carmen is entitled to an award for mental anguish under the circumstances of this case, in witnessing her mother's severe injuries and sufferings. Accordingly, we amend the judgment to award Carmen an additional $3,500 for mental anguish.

HUSBAND'S LOSS OF CONSORTIUM
The final item of damages that the Vidrines contest is the jury's failure to award Dominic Vidrine damages for loss of consortium.
In Lonthier v. Northwest Ins. Co., 497 So.2d 774, 775 (La.App. 3rd Cir.1986), we stated:
"The compensable elements of damage in a loss of consortium claim are loss of society, sex, and service and support. See LSA-C.C. 2315(B). See also Gaspard v. Transworld Drilling Co., 468 So.2d 692 (La.App. 3rd Cir.1985) and Sharp v. Metropolitan Property and Liability Ins. Co., 478 So.2d 724 (La.App. 3rd Cir.1985). `Society' is broader than loss of sexual relations. It includes general love, companionship, and affection that the spouse loses as a result of the injury. `Support' is the lost family income *770 that would go to support the uninjured spouse. `Service' is the uncompensated work around the house or educational help with the children which presumably will, as a result of the injury, have to be obtained from another source and at a price. See Gaspard, supra."
The Vidrines did not hire any extra help but relied upon relatives and a once-a-week maid, who was employed for the same purpose prior to the accident, for assistance at the house during Linda's two recuperative periods. Likewise, there was no proof that the marital relationship was adversely affected other than the claimed loss of sexual relations during the six week periods following the initial accident and Linda Vidrine's subsequent nasal surgery. Considering the broad discretion of the jury, we can not say that after reviewing the record that it was clearly wrong in denying Dominic Vidrine's claim for loss of consortium.
For the foregoing reasons, the judgment of the trial court is affirmed in part, amended in part, reversed in part, and recast as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the jury verdict finding Linda Vidrine 40% at fault is reversed, and she is found free from fault.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, Linda Vidrine, and against defendants, David June, Government Employees Insurance Company (to the extent of its contractual liability herein), and Louisiana Farm Bureau Casualty Insurance Company (to the extent of its contractual liability herein and subject to the partial satisfaction of judgment dated January 22, 1987), in solido, in the full sum of $61,782.50, with legal interest from date of judicial demand, until paid;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Dominic Vidrine, as administrator of the estate of his minor child, Carmen Vidrine, and against defendants, David June and Government Employees Insurance Company, in solido, in the full amount of $4,178.20, together with legal interest from date of judicial demand, until paid;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in all other respects the judgment of the trial court is affirmed.
Costs of this appeal are assessed one-half to Government Employees Insurance Company and one-half to Louisiana Farm Bureau Casualty Insurance Company.
REVERSED IN PART; AFFIRMED IN PART; AND AFFIRMED AS AMENDED AND RENDERED.