KALISTE J. SALOOM, Jr., Judge Pro Tern.
This is an appeal from a jury verdict returned in favor of defendant-appellee, State Farm Mutual Automobile Insurance Co. (State Farm), finding that they made a reasonable and timely tender to plaintiffs-appellants Lilly H. Benoit, Norris J. Benoit, and Ethel Thibodeaux and awarding them no damages other than those which they had already received.
FACTS
On November 11, 1986, plaintiff, Lilly H. Benoit’s vehicle was struck by a vehicle driven by Ms. Geraldine Doucet. The accident was caused solely by the negligence of Ms. Doucet. Ms. Benoit was injured in the accident as was her passenger, Ethel Thibodeaux, Ms. Benoit’s mother-in-law.
Ms. Doucet’s liability insurer, Firemen’s Fund Insurance, paid Ms. Benoit and Ms. Thibodeaux its entire policy limits, $25,-000.00 to each.
State Farm is the uninsured/underin-sured motorist carrier of the Benoit vehicle. After being notified of the accident, State Farm began making medical payments for the medical bills incurred by Ms. Benoit and Ms. Thibodeaux in treatment of their injuries. On November 12, 1987, the instant action was filed by Ms. Benoit and Ms. Thibodeaux for damages in excess of the primary coverage paid by Firemen’s Fund. Mr. Benoit’s claim was for loss of consortium. A settlement offer of $25,-000.00 was made to Ms. Benoit in March of 1988. An unconditional tender of $25,-000.00 was made on April 18, 1989. On September 13, 1989 plaintiff’s filed an amended petition seeking penalties and attorney’s fees asserting that State Farm had failed to make a timely tender.
After trial, the jury found that the tender made by State Farm was reasonable and timely. They also found that Ms. Be-noit and Ms. Thibodeaux were entitled to the exact amount of damages that they had already received from State Farm and Firemen’s Fund. They divided these damages as follows: For Ms. Benoit they awarded $25,000.00 for physical and mental suffering, $20,000.00 for general disability and loss of enjoyment of life, and $10,000.00 for medical expenses, for a total of $55,000.00. To Ms. Thibodeaux they awarded $15,-000.00 for physical and mental pain and suffering and $10,000.00 for general disability and loss of enjoyment of life, and $3,100.00 for medical expenses for a total of $28,100.00. They awarded no damages *55 to Mr. Benoit on his claim for loss of consortium.
Plaintiffs appeal citing the following specifications of error. (1) The trial court erred in permitting evidence of settlement negotiations. (2) The trial court erred in failing to give cautionary instructions to the jury at the time of opening statements or prior to the presentation of evidence. (3) The jury erred in finding that State Farm had made a timely tender. (4) The jury erred in failing to make an award for loss of consortium to Norris Benoit. (5) The jury erred in failing to award an appropriate amount of general damages to Lilly Benoit and Ethel Thibodeaux. (6) The jury erred in failing to award the full amount of medical expenses incurred by Lilly Benoit and Ethel Thibodeaux. (7) The trial court erred in admitting the records of Dr. Do-mingue which had been attached to his discovery deposition. (8) The trial court erred in granting judgment on the merits against plaintiffs at their cost. (9) The trial court erred in failing to make a ruling or take evidence on the issue of attorney’s fees.
EVIDENCE OF SETTLEMENT NEGOTIATIONS
Plaintiffs argue that the reference to settlement negotiations between the parties that were allowed during trial should have been excluded. Details of the settlement were referred to initially in defense counsel’s opening statement. Plaintiffs objected, but their objection was overruled.
La.C.E. Art. 408 provides:
Art. 408. Compromise and offers to compromise
A. Civil cases. In a civil case, evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, anything of value in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This Article does not require the exclusion of any evidence otherwise admissible merely because it is presented in the course of compromise negotiations. This Article also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.
Thus, under this article evidence of compromise offers is not admissible to prove liability or amount, but may be admissible for other purposes.
Likewise, La.C.E. Art. 413 provides:
Art. 413. Settlement or tender
Any amount paid in settlement or by tender shall not be admitted into evidence unless the failure to make a settlement or tender is an issue in the case.
' Applying these articles to the facts of this case it is clear that evidence relating to the offer of compromise and tender, and the amounts, was properly admitted during trial. By making a claim for penalties and attorney fees for failure to timely make a tender, the facts surrounding the negotiations between these parties became an issue, including the value of those offers.
Plaintiffs argue that under McDill v. Utica Mutual Ins., Co., 475 So.2d 1085 (La.1985), settlement negotiations do not constitute a defense to an untimely tender claim, thus the facts surrounding the negotiations including the amounts offered should not have been admitted. We will discuss McDill further below, but for now suffice it to say that McDill did not concern the admissibility of settlement negotiations and, in fact, states that penalties and attorney’s fees should be imposed only in cases were the facts negate probable cause for nonpayment. Thus, in this case, State Farm was entitled to introduce facts, including the facts surrounding the settlement negotiations to prove that they had probable cause for nonpayment or failure to tender and that their conduct was reasonable. Launey v. Thomas, 379 So.2d 27 (La.App. 3d Cir.1979), writ denied 381 So.2d 1233 (La.1980); Burton v. Foret, 484 So.2d 753 (La.App. 1st Cir.1986). Accordingly, *56 there is no need to decide this case de novo without the evidence of settlement negotiations, as requested by plaintiffs. This assignment is without merit.
CAUTIONARY INSTRUCTIONS
Plaintiffs argue that the settlement negotiations were inadmissible and that the trial judge should have given a corrective instruction to the jury to disregard such evidence. Because of our holding on the inadmissibility of the evidence, we need not consider this assignment.
THE TENDER
At the time plaintiffs claims arose, LSA-R.S. 22:658 provided in pertinent part:
“A. All insurers issuing any type of contract, other than those specified in R.S. 22:656 and R.S. 22:657, shall pay the amount of any claim due any insured, including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950, within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest.
“B.(l) Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of ten percent damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, ten percent of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney fees for the prosecution and collection of such amount.”[1]
Plaintiffs argue that because State Farm was aware, no later than March, 1988, that the driver at fault was underinsured, that Ms. Benoit and Ms. Thibodeaux were damaged, and that State Farm would be liable for some damages, then under McDill, supra, they were obligated to tender the reasonable amount due. Thus, they argue that because the tender was not made to Ms. Benoit within sixty days, and, in fact, was not made until April, 1989, the jury was in error in finding that the tender was timely, and penalties and attorney’s fees should have been awarded. Additionally, they argue that there was no reasonable and timely tender to Ms. Thibodeaux because State Farm never made a tender to her at all.
In McDill, the court stated, 475 So.2d at 1089:
[1-3] La.R.S. 22:658 has been held to apply to uninsured or underinsured motorist’s claims. Hart v. Allstate Insurance Company, 437 So.2d 823 (La.1983). A claimant for penalties and attorneys fees under.the statute has the burden of proving that the insurer failed to pay the claim within 60 days after receiving “satisfactory proof of loss” of the claim, and that the insurer was arbitrary or capricious in failing to pay. A “satisfactory proof of loss” within the meaning of La.R.S. 22:658 is that which is sufficient to fully apprise the insurer of the insured’s claim. Hart v. Allstate Ins. Co., supra. To establish a “satisfactory proof of loss” of an uninsured/underin-sured motorist’s claim, the insured must establish that the insurer received sufficient facts which fully apprise the insurer that (1) the owner or operator of the other vehicle involved in the accident was uninsured or underinsured; (2) that he was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages. Hart v. Allstate Ins. Co., supra.
MS. BENOIT
State Farm’s adjuster, Fred Varner, testified that State Farm made an offer in March, 1988 to settle Ms. Benoit’s claim for $25,000.00. He stated that at that time, counsel for plaintiffs informed him that *57 Ms. Benoit was going to have surgery. He testified that because of this, he realized that Ms. Benoit’s claim would probably require policy limits, $50,000.00. He stated that he advised counsel for plaintiffs that if the need for surgery could be substantiated by medical reports, then State Farm would tender policy limits. He testified that, although counsel for plaintiff agreed to obtain the necessary information, and he attempted to contact counsel on many occasions, the information was not provided. Varner stated that in February of 1989 he finally learned that Ms. Benoit did not require surgery.
Based on these facts, State Farm argues that the jury was justified in concluding that they made a reasonable and timely tender, and, a fortiori, that they were not arbitrary or capricious, because they tendered within 60 days of the time they learned that Ms. Benoit did not require surgery.
The determination that an insurer has or has not acted arbitrary or capriciously and without probable cause is partially a factual question that will not be disturbed absent a finding of manifest error. Mader v. Babineaux, 526 So.2d 505 (La.App. 3d Cir.1988).
After reviewing the record we have determined that the jury committed manifest error in determining that State Farm made a reasonable and timely tender. The facts surrounding the discussion between Varner and counsel for plaintiffs do not suggest probable cause for nonpayment. The fact that the value of Ms. Benoit’s claim might be increased if the need for surgery were to be substantiated does not relieve the insurer from the obligation of making a tender of a reasonable amount which is then due.
The extent of damages was precisely the issue the McDill court faced when they stated:
[6] If the insured has shown that he was not at fault, the other driver was uninsured/underinsured and that he was in fact damaged, the insurer cannot stonewall the insured because the insured is unable to prove the exact extent of his general damages. General damages by their very nature are subjective and incapable of exact computation. To accept the defendant’s position that no amount must be tendered unless the exact extent of general damages is proven renders the 4th element of the Hart test meaningless as it places an impossible burden on the plaintiff prior to going to trial. If the first three elements of the Hart test are satisfied and the insured has made a showing that the insurer will be liable for some general damages, the insurer must tender the reasonable amount which is due. This amount would be unconditionally tendered to the plaintiff not in settlement of the case, but to show their good faith in the matter and to comply with the duties imposed upon them under their contract of insurance with the insured. The amount that is due would be a figure over which reasonable minds could not differ.
475 So.2d at 1091.
We do not agree with defendants that by undertaking the responsibility of providing the necessary documentation of the need for surgery, plaintiffs counsel agreed to suspend State Farm's obligation to make an unconditional tender. The facts of this case do not suggest any probable cause for nonpayment.
Accordingly, we find that State Farm was arbitrary and capricious in failing to make a tender to Ms. Benoit within 60 days of the time they knew they would be liable for some damages. Therefore, State Farm is liable for penalties and reasonable attorney’s fees. Because payments had been made at the time the tender was due, under LSA-R.S. 22:658, the penalty of 10% is assessed on the difference between the amount timely paid and the amount found to be due. At the time the tender was due Firemen’s Fund and State Farm had paid $30,000.00 and the amount the jury found to be due was $55,000.00. Thus, the 10% penalty should be assessed against the difference, $25,000.00.
MS. THIBODEAUX
Ethel Thibodeaux received $25,-000.00 from Firemen’s Fund. State Farm *58 paid $3,100.00 in medical bills for Ms. Thi-bodeaux, but determined that she was not entitled to any additional damage award.
The jury found that State Farm made a reasonable and timely tender to Ms. Thibo-deaux. They also found that she was entitled to no further damages then those that she had already received from Firemen’s Fund and State Farm. Implicit in these findings is the determination that she was not entitled to any tender. As will be discussed below, under the specification on damages, we find no manifest error in this determination that State Farm was not arbitrary and capricious for failing to tender, as no tender was due.
DAMAGES
By assignments of error four and five, plaintiffs argue that the jury abused its discretion in its damage award. The jury determined that Lilly Benoit was entitled to $45,000.00 in general damages and Ethel Thibodeaux was entitled to $25,-000.00 in general damages, no more than they had already received. They also determined that Mr. Norris Benoit was entitled to no damages for loss of consortium.
The jury awarded Ms. Benoit $25,000.00 for physical and mental suffering, past and future, and $20,000.00 for general disability and loss of enjoyment of life, for a total of $45,000.00. This court may not alter that award unless the record reveals a clear abuse of discretion. Reck v. Stevens, 373 So.2d 498 (La.1979). An examination of the record reveals no such abuse of discretion.
Ms. Benoit was diagnosed as having carpel tunnel syndrome as a result of the accident. A carpel tunnel release was successfully performed to relieve the pain and numbness in her right wrist and hand. Following the accident, she also suffered some pain in her neck and right arm. The cause of this pain is unknown. There was medical testimony that it was probable that the pain was caused by a pre-existing arthritic condition that was aggravated by the accident. There was also testimony that Ms. Benoit could have been suffering from a disc problem, however, this could not be confirmed without a myelogram to determine the origin of the pain. Ms. Be-noit was unwilling to undergo this procedure, preferring instead to undergo conservative treatment for her pain. Although Ms. Benoit complained that the pain severely limited her activities, the evidence indicates that no treating physician recommended that she restrict her activities except to avoid any repetitive or heavy lifting.
In this case, the jury had the opportunity to view the witnesses and make credibility determinations. After reviewing the evidence we cannot say that the jury abused its discretion in its determination of Ms. Benoit’s general damage award. Reck, supra.
The jury awarded Ms. Thibodeaux $15,000.00 for physical and mental pain and suffering, past and future, and $10,000.00 for general disability and loss of enjoyment of life, for a total of $25,000.00 in general damages.
The evidence indicates that Ms. Thibo-deaux probably suffered a compression fracture of the C-6 vertebrae in the accident. Her treatment consisted of a soft cervical collar, medication, and bed rest. She also experienced some degenerative arthritis or osteoporosis along her spine that caused her some pain in her shoulders, neck, and back. There was testimony that this condition was aggravated by the accident. Approximately two years after the accident, an X-ray revealed a fracture of the T-12 vertebrae, but there was testimony that this was not caused by the accident. After reviewing the evidence, we find no abuse of discretion in the jury’s determination of general damages for Ms. Thibo-deaux.
Plaintiffs also assign as error, the jury’s failure to award Norris Benoit loss of consortium damages. It was within the jury’s discretion to decline to award damages for loss of consortium, and we may not alter the jury verdict absent a finding that they were clearly wrong, Vidrine v. Government Employees Ins., Co., 528 So.2d 765 (La.App. 3d Cir.), writ denied, 532 *59 So.2d 156 (La.1988). The jury was in the best position to make the credibility determinations so crucial to such a claim, Rosell v. ESCO, 549 So.2d 840 (La.1989), and we find no manifest error in their refusal to award damages for loss of consortium.
MEDICAL EXPENSES
The jury awarded medical expenses to Ms. Benoit in the amount of $10,000.00 and to Ms. Thibodeaux in the amount of $3,100.00. Plaintiffs’ medical expense exhibits showed Ms. Benoit’s medical expense to be $10,971.58 and Ms. Thibodeaux’s to be $3,410.12. Plaintiffs’ claim error by the jury in its awards. They seek reversal of the jury’s medical awards, asking for increases to conform to the exhibits in evidence except for a $12.00 error that they admit was not identified at trial. Upon examination of the records of these proceedings, we find that the jury was in the best position to determine medical expenses and we find no manifest error in their awards.
ADMISSION OF MEDICAL RECORDS
Plaintiffs object to the admission of the medical records of Dr. James Domingue to which admission they timely objected. This court need not determine the admissibility of these records as no substantial right of any party was affected by that admission. The jury did not view these records, and, as this court has declined to render a de novo judgment, even if it was error to admit these records, this court finds that such error was harmless.
COSTS AND ATTORNEY FEES
Plaintiffs argue that they should not have been assessed with court costs. They also argue that because the jury verdict was tainted by improperly admitted evidence, this court should either remand for an evidentiary hearing to determine attorney fees, or independently decide the appropriate amount.
As to costs, this court modifies the trial court costs and assesses one-half to plaintiffs, one-half to defendant.
As to attorney’s fees this court has determined that $5,000.00 is a reasonable amount.
For the reasons assigned herein, the judgment denying penalties and attorney’s fees on the claim of Ms. Benoit is reversed. A penalty of $2,500.00 is awarded and attorney’s fees of $5,000.00. All costs to be paid one-half by plaintiffs and one-half by defendant. Except as reversed and amended herein, the judgment of the trial court is affirmed.
REVERSED IN PART, AFFIRMED AS AMENDED.

. The statute now provides for penalties and attorney's fees for failure to pay within 30 days after receipt of demand and satisfactory proof of loss. Amended by Acts 1990, No. 262, effective July 4, 1990.