JOHN C. BOUTALL^ Judge Pro Tern.
This appeal concerns civil damages for assault and battery which occurred on April 12, 1991. Plaintiff, Jonathon Ledet, filed a petition for damages against defendant, Chad Burgess, for injuries plaintiff sustained during a fight between the two men. When defendant failed to answer Ledet’s petition for damages, Ledet moved for Preliminary Default on February 6, 1992. Plaintiff moved to confirm the preliminary default on January 28, 1993. The court granted a default judgment in plaintiffs favor, awarding him special damages of $7,081.47, and general damages of $30,000.00. Thereafter, defendant filed a motion for devolutive appeal.
On appeal, defendant argues that the trial court erred in finding that his conduct was intentional. Defendant also argues that it was an error for the court to include an intentional act in a judgment and not include it in its reasons nor testimony. Additionally, defendant argues that the general damage award is excessive. For the reasons hereinafter stated we affirm.
Plaintiff Ledet testified at the hearing that on April 12, 1991, he was sitting in his car on the grounds of St. James High School when Mr. Burgess approached and began to curse Ledet. Plaintiff got out of his car, whereupon Burgess allegedly said he’d shoot Ledet. According to plaintiff, the defendant charged him, knocked him down, and began beating him about the face. An unidentified female pulled Burgess off, and then he drove up the road, where plaintiff stated he saw Burgess pull out a gun. Ledet drove away at this point, his face bleeding and swollen. He went to his doctor the following day, who found three broken facial bones which required surgery to repair. Next, plaintiff introduced his medical bills into evidence.
Defendant argues that the trial court erred in finding that he committed an intentional act. It is well established that a trial court’s finding of fact may not be set aside on appeal absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979).
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. LSA-C.C.P. art. 1702. Intent is a state of mind, and need not be proven as a fact, but may be inferred from the circumstances of the transactions and the actions of the defendant. State v. Thomas, 604 So.2d 52 (5th Cir.1992).
In the instant case, the plaintiffs testimony provided a sufficient basis for the judge to conclude that the defendant intended to strike the plaintiff. Therefore, this assignment of error has no merit.
Defendant argues next that the trial court erred in including an intentional act in a judgment and not including it in its reasons nor testimony. By this assignment, defendant appears to argue that plaintiffs failure to allege an intentional act in his petition precludes the trial court’s finding that defendant committed an intentional tort.
The Louisiana Code of Civil Procedure establishes a system of fact pleading. L.SA-C.C.P. art. 891 states that the petition shall contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation. As long as facts constituting a claim are alleged, the party may be granted any relief to which he is entitled under the pleadings and the evidence; the “theory of the case” doctrine, under which a party must select the theory of his case and adhere to it throughout the litigation, has been abolished. First South Production Credit Association v. Georgia-Pacific, 585 So.2d 545 (La.1991).
*1187 Whether or not the defendant’s conduct was intentional is a legal conclusion. Conclusions of law contained in a petition will not be considered. Wheelahan v. State Through Louisiana Claims Review Board, 376 So.2d 576 (4th Cir.1979).
Plaintiffs petition states, in Paragraph 4: “At approximately 6:00 o’clock p.m., defendant proceeded to accost plaintiff.” Paragraph 5 states: “Defendant proceeded to curse and defame plaintiff and then when plaintiff refused to take any action, defendant physically attacked plaintiff by striking him in the facial area.” These allegations clearly relate facts, not conclusions, that would support the finding of an intentional tort. Therefore, defendant’s argument has no merit.
Finally, Burgess argues that the general damages award of $30,000.00 is excessive.
The plaintiff testified that immediately after the attack on him by defendant, his face was swollen and bleeding. Because he was in such pain, he sought treatment the following morning. His family doctor discovered fractures of the facial bones, and referred plaintiff to a specialist. On April 19, 1991, Ledet was seen by Dr. Guy Zeringue, who found a left nasal bone depression, a right nasal septal deformity, a left cheekbone depression, and bleeding around the eyeball. (Dr. Zeringue’s reports were entered into evidence in lieu of his live testimony.) Dr. Zeringue performed an open reduction and internal fixation of the left trimalleolar fracture, septoplasty, and right nasal osteotomy. In addition to great pain, both before and after surgery, the plaintiff experienced numbness to part of his face. The plaintiff missed three weeks of work, and also had to miss standing in a wedding the day after the altercation.
In the assessment of delictual damages, much discretion must be left to the trial judge. LSA-C.C. art. 2324.1. Absent an initial determination that a trial court’s very great discretion in an award of general damages has been abused under the facts of a particular case, the reviewing court should not disturb the trier’s award. Reck v. Stevens, 373 So.2d 498 (La.1979).
In Sumrall v. Sumrall, 612 So.2d 1010 (2d Cir.1993), plaintiff suffered scalp lacerations, a deviated nasal septum, misaligned nasal bone, and an indentation to her right cheekbone. The crart upheld a general damages award of $30,000.00. In Vidrine v. Government Employees Insurance Company, 528 So.2d 765 (3rd Cir.1988), writ denied, 532 So.2d 156 (La.1988), the plaintiff sustained severe nasal injuries in an automobile accident. She underwent nasal reconstruction, septoplasty, and a partial bilateral inferior turbinectomy. Recuperation lasted in excess of six months. On appeal, the court increased her general damages from $25,500.00 to $50,000.00. In reviewing these recent facial injury cases, we conclude that the trial court’s general damage award of $30,000.00 was within its sound discretion.
Accordingly, we affirm the judgment of the trial court. All costs of the appeal are to be paid by appellant.

AFFIRMED.