774 So.2d 1081 (2000)
Oliver COLE, Plaintiff-Appellee,
v.
Martha POOL and Allstate Insurance Company, Defendants-Appellants.
No. 34,329-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 2000.
*1082 Rountree, Cox, Guin & Achee by Billy J. Guin, Jr., Counsel for Appellants.
W. James Singleton, APLC, Shreveport, Counsel for Appellee.
Before WILLIAMS, CARAWAY & PEATROSS, JJ.
PEATROSS, J.
This appeal arises from an award of $6,000 in general damages to Plaintiff, Oliver Cole. Defendant, Allstate Insurance Company ("Allstate"), appeals the award as excessive. For the reasons stated herein, we amend the award and, as amended, we affirm.

FACTS AND PROCEDURAL HISTORY
On November 23, 1998, Mr. Cole was involved in a motor vehicle accident when Defendant, Martha Pool, pulled out of South Park Mall onto Jewella Avenue in front of him. Mr. Cole was unable to stop his vehicle before hitting Ms. Pool and sustained personal injuries as a result of the collision. Mr. Cole sued Ms. Pool and her insurer, Allstate. The parties were able to settle the property damage portion of Mr. Cole's claim; and, at trial, they stipulated to Ms. Pool's liability and Mr. Cole agreed there would be no excess judgment. An extremely brief bench trial was conducted on the issue of quantum alone.
The following were introduced at trial: (1) the accident report; (2) the insurance policy; (3) medical bills and reports from Louisiana State University Medical Center ("LSUMC"); (4) City of Shreveport EMS bill; (5) Dr. Joseph Sarpy's bill; and (5) an *1083 invoice from Enterprise Rent-A-Car. Mr. Cole was the only witness at trial; Defendants offered no testimony.
Mr. Cole testified that, after the accident, he was taken via ambulance to LSUMC where he was examined and released. According to the LSUMC records, cervical spine x-rays revealed a cervical strain. A CT scan was also performed and revealed "no traumatic injury" to the cervical spine. Mr. Cole was released with prescriptions for Darvocet and Flexeril. He testified that, on his release, he was instructed to return to LSUMC in a week if he was not better.
Eight days later, however, rather than returning to LSUMC as instructed, Mr. Cole went to see Dr. Joseph Sarpy complaining of injuries from the accident. Dr. Sarpy treated Mr. Cole with heat packs and muscle stimulation. According to Dr. Sarpy's December 28, 1998 report, Mr. Cole's muscle spasms had resolved by that time. Having no permanent injury, Mr. Cole was released from Dr. Sarpy's care on January 6, 1999.
Without written reasons, the trial court awarded Mr. Cole $3,500 for the first month of injury and $2,500 for the second month of injury, for a total general damage award of $6,000. Additionally, Mr. Cole was awarded special damages in the amount of $2,443.20 for medical expenses and $69 in car rental expenses, plus legal interest from the date of judicial demand until paid. Defendant has appealed the general damage portion of the award.

DISCUSSION
General damages involve mental or physical pain and suffering, inconvenience, loss of intellectual or physical enjoyment or other losses of lifestyle which cannot be measured exactly in monetary terms. Robbins v. State ex rel. Department of Labor, 31,590 (La.App. 2d Cir.2/24/99), 728 So.2d 991; Sallis v. City of Bossier City, 28,483 (La.App.2d Cir.9/25/96), 680 So.2d 1333, writ denied, 96-2592 (La.12/13/96), 692 So.2d 376; 96-2599 (La.12/13/96), 692 So.2d 1063. In the determination of general damages, the discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. La. C.C. art. 2324.1; Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Id. The primary considerations in the assessment of damages are the severity and duration of the injured party's pain and suffering. Tobin v. Wal-Mart Stores, Inc., 575 So.2d 946 (La.App. 2d Cir.1991), writ denied, 580 So.2d 923 (La.1991).
Only after an abuse of discretion is disclosed by an articulated analysis of the facts is an examination of prior awards in similar cases proper; an abusively low award is raised to the lowest amount the trier of fact could have reasonably awarded, while an abusively high award is reduced to the highest amount the trier of fact could have reasonably awarded. DeYoung v. Simons, 32,378 (La.App.2d Cir.10/27/99), 743 So.2d 851; Dixon v. Tillman, 29,483 (La.App.2d Cir.5/7/97), 694 So.2d 585, writ denied, 97-1430 (La.9/19/97), 701 So.2d 174. The proper procedure for examining whether an award is excessive is to determine whether the amount can be supported under the interpretation of the evidence, most favorable to the plaintiff, which reasonably could have been made by the trier of fact. Manuel v. State Farm Mutual Automobile Co., 30,765 (La.App. 2d Cir.8/19/98), 717 So.2d 277.
The trial court specifically awarded $3,500 to Mr. Cole for the first month of treatment following the accident and $2,500 for the second month, without explanation. *1084 We first note that the trial judge erroneously found that Mr. Cole was treated for his injuries for two months; but, in fact, he was only treated from November 23, 1998, the date of the accident, until he was released on January 6, 1999, as per his request. This is a total of six weeks. No injections or surgery were necessary to treat Mr. Cole's condition, only medication by mouth and the use of heat and ultrasound. Further, Mr. Cole testified that he was retired at the time of the accident and the only activities curtailed by his injury were mowing the grass and cleaning the house. These activities were only curtailed for a short period of time.
We find on this record that the award of $6,000 in general damages is not supported. We must turn, therefore, to the examination of similar awards from previous cases. In Manuel v. State Farm Mutual Automobile Company, supra, the plaintiff was awarded $4,000 for similar soft tissue injuries which resolved in about four months. The plaintiff did miss two to three days of work and had to arrange more frequent break times to compensate for his injuries during that time. In Davis v. Wal-Mart Stores, Inc., 31,542 (La.App. 2d Cir.1/22/99), 726 So.2d 1101, plaintiff was awarded $7,500 for similar soft tissue injuries for which she was treated for approximately three months. This court found the award to be excessive, however, and it was reduced to $4,500. We find, therefore, that the highest reasonable amount which Mr. Cole could have been awarded in general damages for his injuries is $4,500.

CONCLUSION
For the foregoing reasons, the judgment of the trial court awarding Plaintiff, Oliver Cole $6,000 in general damages is hereby amended by reducing the award to $4,500. As amended, the award is affirmed. All costs are assessed equally to Plaintiff, Oliver Cole, and Defendant, Allstate Insurance Company.
AMENDED, AND, AS AMENDED, AFFIRMED.