LOLLEY, J.
11 This appeal arises from the Fourth Judicial District, Parish of Morehouse, State of Louisiana. Plaintiff, Jumar Johnson, and defendants, Lindsey and Heath Murray, and State Farm Insurance Company (“State Farm”), appeal the decision by the trial court that held Lindsey Murray solely responsible for the damages sustained by Johnson in a multiple vehicle automobile accident. For the following reasons, we affirm.
FACTS
This case arises from a three-vehicle automobile accident which occurred in Bastrop, Louisiana, on February 6, 2004. The accident occurred on East Madison Avenue, a one-way, two-lane road. Plaintiff, Jumar Johnson, was riding as a passenger in Mark Peoples’ vehicle. They were stopped, waiting for a train to pass. Directly behind Peoples’ vehicle was a vehicle driven by Cassondra Castleberry, owned by her husband, John Naff. Behind Castleberry, was a vehicle driven by Lindsey Murray, owned by her husband, Heath Murray. At some point during the wait, Peoples’ vehicle was struck from behind twice. Johnson allegedly sustained bodily injury as a result of the collision.
The instant case proceeded to trial on September 25, 2006. The trial court concluded that the losses and injuries sustained by Johnson were solely attributable to the action of Lindsay Murray who ad *354 mitted she collided into Castleberry’s vehicle causing one of the impacts felt by Johnson while in Peoples’ vehicle. The trial court also concluded that Mark Peoples and his insurer, Direct General Insurance Company, along with Castleberry and her insurer, Louisiana Farm Bureau Casualty Insurance Company, were not at |2fault. As a result, a judgment was rendered against the Murrays and State Farm in favor of Johnson for general damages in the amount of $7,500.00 and for special damages in the amount of $18,158.00. The Murrays, State Farm, and Johnson now appeal.
LAW AND DISCUSSION

Fault

On appeal, Jumar Johnson first asserts that the trial court erred when it did not apply the presumption of legal fault in the rear-end collision that caused the first impact allegedly caused by Castleberry as set forth in La. R.S. 32:81. In the alternative, he argues that the trial court was manifestly erroneous in finding Castleber-ry free from fault in light of the testimony at trial that the first impact was just between Castleberry’s vehicle and Peoples’ vehicle. The Murrays and State Farm Insurance Company (“State Farm”) join Johnson in this argument.
Our review of the factual findings in this case are governed by the manifest error/clearly wrong standard of review. It is a well-settled principle that an appellate court may not set aside a trial court’s finding of fact unless it is manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell, supra; Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly wrong. Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985); Arceneaux, supra. Where the factfinder’s conclusions are based on determinations regarding credibility of the witnesses, the manifest error standard demands great deference to the trier of fact, because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Rosell, supra.
The reviewing court must always keep in mind that, if a trier of fact’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that, if it had been sitting as trier of fact, it would have weighed the evidence differently. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). For the reviewing court, the issue to be resolved is not whether the trier of fact was wrong, but whether the factfinder’s conclusions were reasonable. Theriot v. Lasseigne, 1993-2661 (La.07/05/94), 640 So.2d 1305.
In the instant case, the trial court did not specifically state that an impact occurred between Peoples and Castleber-ry; however, it did find that if any contact initially did occur between Castleberry and Peoples it “was so incidental as to not have contributed to the injuries suffered by Mr. Johnson or anyone else who was injured in the accident.” In effect, this finding renders the argument for the presumption of fault in a rear-end collision moot since the trial court did not find damages resulted from the first impact.
Further, while we may not agree with this determination, we cannot say that this *355 factual finding was clearly wrong. Murray admittedly was driving between 30 and 35 mph, and never applied her brakes before driving into the |4rear of Castleberry’s vehicle, which in turn drove into Peoples’ vehicle. In addition, there was differing testimony as to which impact felt greater and which caused Johnson’s injuries. As such, the trial court was in the best position to make its determination based on credibility of the witnesses and the evidence provided. After a review of the record, the trial court’s finding that Murray was 100% responsible is reasonable.

Damages

Johnson also argues that the trial court erred in awarding only $7,500.00 for general damages; however, he does not appeal the amount awarded for special damages. On the other hand, the Murrays and State Farm argue that the award for special and general damages were excessive in light of the record and, accordingly, seek a reduction in the total amount awarded.
At issue in the assessment of the' award is the break in Johnson’s treatment. For his injuries resulting from the accident at issue, Johnson attended physical therapy beginning April 19, 2004. State Farm and the Murrays argue that as of May 13, 2004, Johnson, according to the medical records, had largely reached resolution of his complaints and thereafter failed to return for follow-up sessions on his own accord before knowing about his other medical issues, namely a brain tumor. Therefore, they argue, that symptoms, complaints, and medical treatment which occurred after May 13, 2004, were not causally connected to the accident at issue. Johnson asserts that his brain tumor treatments precluded him from undergoing further treatments at that time. Johnson resumed treatment after his other medical issues were resolved in May 2005 until September 2005.
|sBefore an appellate court may disturb an award for general damages, the record must clearly reveal that the trial court abused its broad discretion in making the award, based on the facts and circumstances peculiar to the case and the individual under consideration. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Here, the trial court looked at the damage to the vehicles; made note of Johnson’s medical records, including the ongoing referrals for physical therapy from his doctors post recovery of the brain tumor; and, gave ample consideration to the gap in Johnson’s treatment. We also note that at trial, Johnson stated he continued to have pain resulting from the automobile accident. The trial court has vast discretion in awarding damages, and after a thorough review of the record we do not find that the trial court was clearly wrong in its award for damages.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are to be split among Jumar Johnson, Lindsey and Heath Murray, and State Farm Mutual Automobile Insurance Company.
AFFIRMED.