WILLIAMS, J.
I-i The defendants, Toniya Collins and Safeway Insurance Company of Louisiana (“Safeway”), appeal a judgment awarding $10,000 in total damages to the plaintiff, J.D. Gilliard. For the following reasons, we affirm.
*787 FACTS
At approximately 10:00 a.m. on March 10, 2005, the vehicle driven by Toniya Collins collided with J.D. Gilliard’s vehicle at the intersection of Fairfield Avenue and Kings Highway in Shreveport, Louisiana. Safeway insured Collins’ automobile under an insurance policy that provided bodily injury liability limits of $10,000 per person and $20,000 per accident.
On March 11, 2005, the day following the accident, Gilliard sought treatment at Doctors’ Hospital complaining of left shoulder pain. The emergency room physician advised plaintiff to apply heat to his shoulder and prescribed pain medication. Dr. Joseph Sarpy, Jr., a family medicine physician, began treating plaintiff on March 16, 2005 and found strain and spasm of the muscle and ligaments of the neck, upper and lower back, left shoulder girdle and left upper arm. On the date of plaintiffs final visit, April 19, 2005, Dr. Sarpy found no evidence of permanent injury.
The plaintiff, Gilliard, filed a petition for damages against the defendants, Safeway and Collins, in Shreveport City Court. Safeway stipulated to the liability of Collins in causing the accident. Thus, quantum was the sole issue at trial.
Subsequently, the trial court rendered judgment awarding the plaintiff damages of $10,000, the insurance policy limits, plus interest and costs. | ¡^Safeway appeals the judgment.
DISCUSSION
The defendant contends the trial court erred in awarding excessive damages. Defendant argues that the trial court abused its discretion in awarding general damages of $6,801.80 for soft tissue injuries requiring one month of medical treatment.
General damages involve mental or physical pain and suffering, inconvenience and loss of intellectual or physical enjoyment. George v. Allstate Insurance Co., 32,899 (La.App.2d Cir.4/5/00), 758 So.2d 373. The trial court has much discretion in the assessment of damages, so that an appellate court should rarely disturb an award of general damages. LSA-C.C. art. 2324.1; Moody v. Blanchard Place Apartments, .34,587 (La.App.2d Cir.6/20/01), 793 So.2d 281, writ denied, 01-2582 (La.12/14/01), 804 So.2d 647. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when an award is beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the individual plaintiff under the particular circumstances that the appellate court .should increase or reduce the award. George, supra; Morris v. United Services Automobile Association, 32,528 (La.App.2d Cir.2/18/00), 756 So.2d 549. An abusively low award is raised to the lowest amount, and an abusively high award is reduced to the highest amount, the trier of fact could have reasonably awarded. Moody, supra.
Whether an award is excessive depends upon a determination of |swhether the amount can be supported under the interpretation of the evidence most favorable to the plaintiff which reasonably could have been made by the factfinder. Moody, supra; Morris, supra. A victim is entitled to compensation for an aggravation of a pre-existing condition or injury. Morris, supra.
In the present case, the plaintiff went to the Doctors’ Hospital emergency room on March 11, 2005, the day after the accident, complaining of pain in his' left shoulder, neck and upper back. The physical examination showed that plaintiff experienced left-shoulder pain upon raising his left arm *788 and there was tenderness of the left tra-pezius muscle and the left cervical paraspi-nous muscle. Plaintiff was diagnosed with cervical strain and muscle spasm. He was instructed to rest and apply heat to his shoulder and neck. The emergency room physician gave plaintiff prescriptions for Flexeril, Naproxen and Lorcet to relieve pain and inflammation.
On March 16, 2005, the plaintiff visited Dr. Joseph Sarpy, Jr., with complaints of injuries from the auto accident on March 10, 2005. At trial, Dr. Sarpy testified that he had prepared a written report summarizing the plaintiffs treatment. Dr. Sarpy reported that plaintiffs physical examination showed tenderness, strain and spasm of the posterior neck and trapezius muscle. Dr. Sarpy noted that plaintiff felt increased pain in turning his head from side to side and that there was tenderness, strain and spasm of the lumbar spinal musculature and of the muscles in the left shoulder girdle and left upper arm. Dr. Sarpy diagnosed plaintiff with strain and spasm of the muscles in the cervical, thoracic and lumbar spine, the left |4shoulder and left upper arm.
Dr. Sarpy treated plaintiff with therapy that consisted of applying hot packs to the areas of muscle pain and ultrasound massage three times per week. Dr. Sarpy reported that he gave plaintiff a prescription for a muscle relaxer and that plaintiffs last treatment was on April 15, 2005. Dr. Sarpy testified that considering the plaintiffs age he made steady progress and that when plaintiff was discharged on April 19, 2005, there was no evidence of permanent injury. The total charge for the medical treatment provided by Dr. Sarpy was $2,315.
The plaintiff testified that he did not seek medical treatment immediately following the March 2005 accident. Plaintiff stated that the next morning he felt pain in his left shoulder when trying to lift his left arm and he went to the emergency room at Doctors’ Hospital. Plaintiff testified that the emergency room physician prescribed pain medication and instructed him to rest and apply heat to his shoulder. Plaintiff stated that during the next week, he continued to feel pain in his left shoulder, which became stiff overnight, and that he needed help from his wife to put on his shirt in the mornings.
In addition, plaintiff testified that on March 16, 2005, he visited Dr. Sarpy, who provided treatment that helped relieve the pain and muscle soreness in his left shoulder and arm. Plaintiff stated that he was 75 years old and had retired from a manufacturing job, but was then self-employed in a part-time lawn care business. He testified that at the time of trial, he still felt intermittent pain in his left shoulder as a result of the accident. The |5plaintiff stated that he had been hospitalized in 2003 for pain in his left hand and arm due to carpal tunnel syndrome, but surgery had cured that pain.
Gloria Gilliard, the plaintiffs wife, testified that he complained of pain in his left shoulder after the accident and that she helped him to get dressed for some time afterward. Although at one point, Mrs. Gilliard stated that she was not sure which shoulder plaintiff had injured in the accident, she said that plaintiff continued to complain of pain in his left shoulder at the time of trial.
In their appellate brief, the defendants argue that the accident merely aggravated plaintiffs pre-existing shoulder pain and that the evidence did not support the trial court’s finding that plaintiff sustained a new onset of pain as a result of the accident. The medical records introduced into evidence demonstrated that plaintiff experienced muscle spasms in his left shoulder and neck after the accident. In his report, *789 Dr. Sarpy noted that on April 8, 2005, plaintiff continued to have muscle spasms in his left shoulder muscles, but was improving. In his testimony, Dr. Sarpy opined that plaintiffs muscle strain and pain were caused by the auto accident and that the medical care provided to plaintiff was reasonably necessary to treat those injuries. Contrary to defendants’ assertion in their brief, Dr. Sarpy did not testify that plaintiff was asymptomatic on his final visit in April 2005. Although Dr. Sarpy reported that he did not find evidence of permanent injury, he did not state that plaintiff was free of pain symptoms at that time.
The trial court heard the testimony and weighed the credibility of the witnesses. Considering the medical evidence and witness testimony | presented, we cannot say the trial court was clearly wrong in finding that plaintiff sustained an injury to his left shoulder in the auto accident and that plaintiff was still experiencing intermittent left-shoulder pain at the time of trial. After reviewing the record, we conclude that the trial court did not abuse its broad discretion in the award of general damages for the particular injuries to this plaintiff. Thus, the assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is affirmed. Costs of this appeal are assessed to the appellants, To-niya Collins and Safeway Insurance Company of Louisiana.
AFFIRMED.