STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-617


MARTHA LEWIS, ET AL.

VERSUS

PROGRESSIVE PALOVERDE INSURANCE COMPANY, ET AL.


**********

APPEAL FROM THE
PINEVILLE CITY COURT
PARISH OF RAPIDES, NO. 2011CV00773
HONORABLE JESSE PHILLIP TERRELL, JR., CITY COURT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.


**AFFIRMED, AS AMENDED.**

**Jeffrey A. Rhoades**
**Swift & Rhoades**
**P. O. Box 53107**
**Lafayette, LA 70505-3107**
**(337) 572-9877**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **United Services Automobile Association**

**Henry Gerard Terhoeve**
**Guglielmo, Marks, Schutte, Terhoeve & Love Law Firm**
**320 Somerulos Street**
**Baton Rouge, LA 70802**
**(225) 387-6966**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Progressive Paloverde Ins. Co.**
    **Kassie Jacobs**

**Byron O'Neal**
**O'Neal Law Firm**
**630 Lee Street**
**Alexandria, LA 71301**
**(318) 487-8787**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Martha Lewis**
    **Eternity Lewis**

**SAUNDERS, Judge.**

Defendants appeal a trial court judgment in favor of Plaintiffs, Eternity Lewis and Martha Lewis, in which the trial court found Defendants liable for damages arising out of a motor vehicle accident and awarded Plaintiffs $15,000 for general damages and $2,304.01 for medical specials. The trial court awarded Martha Lewis $2,000 for loss of consortium. We affirm as amended, reducing the award of general damages from $15,000 to $7,500.

FACTS AND PROCEDURAL HISTORY

Plaintiff, Eternity Lewis, and Defendant, Kassie Jacobs, were involved in a motor vehicle accident in a grocery store parking lot on September 6, 2011. Both drivers were backing out of adjacent parking spots with their vehicles back-to-back. Eternity testified that when Ms. Jacobs's car came into contact with her car, her car was stopped. She testified that her head hit the steering wheel while her shoulder and right knee hit the dashboard. She had no passengers in her car. On September 13, 2011, she visited Dr. Robert K. Rush, M.D., who diagnosed her with cervical strain, lumbar strain, right shoulder trauma, right sacroiliac strain, and right knee trauma. She underwent treatment consisting of medication and physical therapy. Dr. Rush testified at trial that on October 12, 2011, Eternity "had experienced resolution of her neck, back, and knee pain, no headaches, completed the course of therapy, [and] was released from physical therapy." Dr. Rush also testified it was possible that she would have future "flare ups" after this resolution, but Eternity has not sought treatment since. Eternity testified that prior to the accident she had no problems with her right knee, shoulder, or headaches. Her medical bills totaled $2,304.01.

At the time of the accident, Eternity was seventeen years old; at the time of the trial court's judgment she was eighteen. Eternity's mother, Martha Lewis, filed

suit on Eternity's behalf against Ms. Jacobs, Ms. Jacobs's liability insurer Progressive Paloverde Insurance Company (hereinafter "Progressive"), and the Lewis family's underinsured/uninsured motorist insurer United Services Automobile Association (hereinafter "USAA").

Martha also asserted her own loss of consortium claim against all Defendants. Martha testified at trial that she is being treated for cancer and that she depends on all three of her children for household help. She testified that Eternity performed cleaning tasks around the house every other night. She further testified that after the accident, Eternity could not vacuum because it caused back pain and that two months passed before Eternity could get back to her regular routine of chores.

After a bench trial on September 21, 2012, the trial court found Ms. Jacobs was solely at fault for the accident. The court awarded Plaintiffs $15,000 in general damages, $2,304.01 in medical specials, and $2,000 for loss of consortium. The Progressive policy's limit is $15,000 per person/$30,000 per occurrence, and the USAA policy would activate once the Progressive policy's limit had been reached. The USAA's policy's limit is also $15,000/$30,000. All Defendants appeal the judgment.

ASSIGNMENTS OF ERROR

On appeal, Defendant USAA asserts the following assignments of error:

1. The general damage award of $15,000 for soft tissue injuries that completely resolved within 36 days of the accident was excessive and not supported by the evidence.

2. The loss of consortium award of $2,000 to the plaintiff mother was not supported by the evidence and should be reversed *in toto*.

3. The trial court's judgment incorrectly made the damage awards jointly to the mother and daughter plaintiffs.

Defendants, Kassie Jacobs and Progressive, assert the following assignments

of error:

1. The thirty six (36) days of symptoms which improved over the course of the thirty six (36) days for a soft tissue injury does not support a general damage award of $15,000.

2. A loss of Consortium Award of $2,000 to the mother of the plaintiff when the plaintiff had less than thirty six (36) days of symptoms is not supported by the evidence.

3. The trial court judgment is erroneously worded and needs to segregate the claims of both plaintiffs.

LAW AND ANALYSIS

*General Damages*

General damages "may not be fixed with pecuniary exactitude; instead, they 'involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or life-style which cannot be definitely measured in monetary terms.'" *Duncan v. Kansas City S. Ry. Co.*, 00-66 (La. 10/30/00), 773 So.2d 670, 682 (quoting *Keeth v. Dep't of Pub. Safety & Transp.,* 618 So.2d 1154, 1160 (La.App. 2 Cir. 1993)).

This court has summarized the standard of review for an award of general damages as follows:

> The discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.

> Only after an abuse of discretion is disclosed by an articulated analysis of the facts is an examination of prior awards in similar cases proper; an abusively low award is raised to the lowest amount the trier of fact could have reasonably awarded, while an abusively high award is reduced to the highest amount the trier of fact could have reasonably awarded. The proper procedure for examining whether an award is excessive is to determine whether the amount can be supported under the interpretation of the evidence, most favorable to the plaintiff, which reasonably could have been made by the trier of fact.

3

Before a trial court's award of damages can be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the instant case. A damage award should not be disturbed by the reviewing court absent a showing of a clear abuse of discretion.

*Plaissance v. McDonald*, 03-1043, p. 4 (La.App. 3 Cir. 2/4/04), 865 So.2d 1004, 1008, *writ denied*, 04-585 (La. 4/23/04), 870 So.2d 305 (quoting *Hunt v. Long,* 33,395, pp. 4-5 (La.App. 2 Cir. 6/21/00), 763 So.2d 811, 815-16 (citations omitted)); *see also* La.Civ.Code art. 2324.1.

Defendants challenge the award of $15,000 in general damages, arguing the evidence cannot support this amount and that it is therefore excessive. We agree. With all evidence interpreted in Eternity's favor, it is clear from the record that Eternity experienced only slight inconvenience and pain and suffering for which physical therapy was a fast and effective remedy. She was unable to do chores in order to assist her mother and bore the inconvenience of physical therapy. She experienced enough physical pain to warrant pain medication although her symptoms ceased completely in just over one month. The record shows no indication that her life was otherwise impacted by her injuries. Considering the modest degree of pain and suffering and inconvenience, along with the lack of other grounds for general damages, we have no choice but to reduce the general damages award granted by the trial court. We are mindful that an appellate court should rarely disturb such an award. *See Youn v. Mar. Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied* 510 U.S. 1114, 114 S. Ct. 1059 (1994). However, these facts clearly do not support an award of $15,000. This award is an abuse of the trial court's discretion and must be reduced to the highest amount the trial court could have reasonably awarded.

All Defendants ask this court to reduce the award of general damages to $1,500. To determine the highest reasonable amount, we first must consider the specific injuries that Eternity suffered as well as any other circumstances of her individual case. These are summarized above. Second, we may use prior awards to consider "whether the present award is greatly disproportionate to the mass of past awards for truly similar injuries" and to determine the highest reasonable amount. *Theriot v. Allstate Ins. Co.*, 625 So.2d 1337, 1340 (La.1993).

Looking to past awards, in *Williams v. Roberts*, 05-852 (La.App. 5 Cir. 4/11/06), 930 So.2d 121, the plaintiff's car was rear-ended and the plaintiff sustained a soft tissue injury that resolved in three months. The appellate court reduced the trial court's award of $14,000 in general to damages to $7,500. In *Johnson v. Castleberry*, 42,648 (La.App. 2 Cir. 10/24/07), 968 So.2d 352, the plaintiff underwent physical therapy for injuries that resolved in about a month, but resumed physical therapy a year later for four months as he continued to have pain from the accident. The appellate court found that the trial court was not clearly wrong in awarding $7,500 for general damages. In *Moraus v. Frederick*, 05-429 (La.App. 3 Cir. 11/2/05), 916 So.2d 474, the plaintiff received treatment for soft tissue injuries to his upper arm, shoulder, and neck following an accident. The appellate court found that the trial court's award granting the plaintiff $3,500 per month for the first two months and an average of $2,625 per month overall was not an abuse of its discretion. In *Gilliard v. Collins*, 42,460 (La.App. 2 Cir. 11/7/07), 969 So.2d 786, the appellate court found that the trial court's award of $6,801.80 for general damages was not abusively high for soft tissue injuries resulting from an automobile accident and requiring one month of treatment. In that case, the plaintiff was diagnosed with strain and spasm of the muscles in the cervical,

5

thoracic and lumbar spine, the left shoulder, and left upper arm, and was treated with therapy three times per week.

In *Hanna v. Roussel*, 35,346 (La.App. 2 Cir. 12/5/01), 803 So.2d 261, the appellate court found that an award of $6,500 was not abusively high where an accident resulted in damage to the plaintiff's eyeglasses and clothes, injuries to her hands, feet, and back, and emotional trauma. The appellate court found that $6,500 was "on the higher end of a reasonable award," but not abusively so. *Id.* at 268. In *Dixon v. Tillman*, 29,483 (La.App. 2 Cir. 5/7/97), 694 So.2d 585, *writ denied*, 97-1430 (La. 9/19/97), 701 So.2d 174, where both plaintiffs suffered sprains which resolved in a little over two months, during which time the plaintiffs were treated with medication, the appellate court reduced the award of general damages from $7,500 for each plaintiff to $5,000 for one plaintiff and $3,000 for the other. In *Cole v. Pool*, 34,329 (La.App. 2 Cir. 12/6/00), 774 So.2d 1081, wherein the plaintiff was treated for injuries for six weeks by medication, heat and ultrasound, and the activities curtailed by the plaintiff's injuries were mowing the grass and cleaning the house, the appellate court reduced the award of general damages from $6,000 to $4,500.

Considering Eternity's individual circumstances as well as other awards in similar cases, this court finds that $7,500 is the highest amount the trial court could have reasonably awarded. Therefore, we reduce the abusively high amount of $15,000 to $7,500 in general damages.

*Loss of Consortium*

The elements of a loss of consortium claim for which the parent of an injured person may be compensated are loss of society, service, and support. La.Civ.Code art. 2315(B); *Vidrine v. Gov't Employees Ins. Co.,* 528 So.2d 765 (La.App. 3 Cir.1988), *writ denied*, 532 So.2d 156 (La.1988).

6

"The trier of fact is given much discretion in awards for loss of consortium and will not be overturned on appeal in the absence of manifest error." *Bellard v. South Cent. Bell Tel. Co.*, 96-1426, p. 21 (La.App. 3 Cir. 8/27/97), 702 So.2d 695, 707, *writ denied*, 97-2415 (La.12/12/97), 704 So.2d 1202 (citing *Doucet v. Doug Ashy Bldg. Materials, Inc.*, 95-1159 (La.App. 3 Cir. 4/3/96), 671 So.2d 1148; *Lonthier v. Northwest Ins. Co.,* 497 So.2d 774 (La.App. 3 Cir.1986)). Because factfinders must make determinations regarding witnesses' credibility, "the manifest error-clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said." *Rosell v. ESCO,* 549 So.2d 840, 844 (La.1989).

All Defendants ask this court to reverse *in toto* the $2,000 award of loss of consortium damages. Martha testified at trial that she suffered a loss of service as a result of the accident because Eternity's injuries prevented her from helping Martha with household chores. This is supported in the record by Eternity's testimony as well. Plaintiffs argue that under their individual circumstances this was an especially great loss because Martha was undergoing cancer treatment which made it difficult for her to care for her home. Defendants argue that because Eternity shared these duties with her other two siblings, who were able to take over her share of the work while she was injured, loss of consortium damages are not warranted in this case. Given the trial court's vast discretion, with all inferences taken in favor of the Plaintiffs and without disturbing the trial court's assessment of witness credibility, we find that this evidence sufficiently supports the trial court's award of $2,000 to Martha for loss of consortium.

*Joint Award*

Martha filed the original claim for damages on behalf of Eternity as parent/guardian of Eternity because Eternity was a minor at the time of the accident. Martha filed the loss of consortium claim on behalf of herself. Eternity had reached the age of majority by the judgment date. The trial court properly segregated the Plaintiffs' awards in its written reasons for judgment, which granted general damages and medical specials to Eternity and loss of consortium damages to Martha. Defendants note that this distinction is improperly omitted from the judgment, which grants general damages and medical specials separately from loss of consortium damages, but grants each type of damages to both Eternity and Martha. The judgment should properly have segregated the awards as they were segregated in the written reasons for judgment. We amend in that regard.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is hereby amended to reduce the award of general damages to Plaintiff, Eternity Lewis, from $15,000 to $7,500. Also, general damages and medical specials are awarded solely to Eternity Lewis, and loss of consortium damages are awarded solely to Martha Lewis. The judgment is affirmed in all other respects. The costs of this appeal are assessed equally between Eternity Lewis and the Defendants/Appellants, Kassie Jacobs, Progressive Paloverde Insurance Company, and United Services Automobile Association.

**AFFIRMED, AS AMENDED.**

8